William Boles
26740 Kingwood Road
Murrieta, CA  92563
(951) 808-5800
WMABOLES@YAHOO.com
NOFAX



# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV  08 - 01989  PSG**

Case No. _____

| | |
|---|---|
| William Boles | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERSCORP, INC.; | ) |
| | ) |
| AMERICAN HOME MORTGAGE | ) |
| INVESTMENT CORP.; | ) |
| | ) |
| NATIONAL CITY BANK; | ) |
| | ) |
| UNKNOWN OWNERS OF THE EVIDENCE OF | ) |
| THE DEBT and/or OWNERS OF THE NOTE, | ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT**

**Quiet Title,**

**TILA (15 U.S.C. § 1601 et seq.),**

**Breach of Contract,**

**Breach of Fiduciary Duty,**

**RESPA (12 U.S.C. § 2601 et seq.)**

**[Supplemental State Claims]**

I, William A. Boles, declare:

## Preliminary Statement

1.    Defendants violated and impaired Plaintiff's Constitutional rights, statutory and common law rights to own property and the privacy of their home. My home is my castle.

2.    This action is an action for damages and equitable relief, including compensatory damages, punitive damages and attorney's fees and costs, to quiet the title to Plaintiff's property, to redress

VERIFIED COMPLAINT                                         Page 1 of  16

violation of the Plaintiff's constitutional and statutorily protected rights, state statutory and common law rights.

3.      Plaintiff seeks rescission of the loan agreements, cancellation of the Notes and Deeds of Trust, restoration of title to the property in Plaintiff's name, restitution of all money, including loan fees, paid by Plaintiff, restitution of all closing costs paid by Plaintiff for said loans, and other equitable relief as this Court deems proper.

4.      In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### Jurisdiction and Venue

5.      Jurisdiction is under including but not limited to 12 U.S.C. § 2614;  28 U.S.C. §§ 636, 1251, 1331, 1332, 1338, 1345, 1346, 1348, 1362, 1367, 1491, 1652, 2201; 12 U.S.C. §§ 632, 2610, 3416;  15 U.S.C. §§ 4, 45, 687c, 1051, 1121, 1640, 1692k, 1681p. The Plaintiff request that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of California and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

7.      This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

VERIFIED COMPLAINT                                                Page 2 of  16

**Parties**

8.      Plaintiff is a citizen of California.

9.      MERSCORP, INC. is a Delaware corporation, and is the owner of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS").  MERS is an association of members which was created by the mortgage industry to enable high-speed trading of loans, and packaging of loans into pools, via electronic means, without recording any Assignments in the county property records.  MERS' computer software was written by Ross Perot's company, EDS.

10.     American Home Mortgage Investment Corp. ("First Lender") is a Maryland corporation which owns American Brokers Conduit, neither of which is registered to do business in California. The name "American Brokers Conduit" appeared as "Lender" on the closing documents of the First Loan.

11.     NATIONAL CITY BANK ("Second Lender") is a National Bank which owns National City Bank of Indiana, neither of which is registered to do business in California.  NATIONAL CITY BANK is owned by NATIONAL CITY CORPORATION.  The name "National City Mortgage a division of National City Bank of Indiana" appeared as "Lender" on the closing documents of the Second Loan.

12.     (*) Defendant, UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE is an unknown corporation.

**Factual Allegations:**

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

13.     Plaintiff was and is the owner of the property at **26740 Kingwood Road, Murrieta, CA**

VERIFIED COMPLAINT                                                    Page 3 of 16

**92563** (hereafter "the Homestead"), legally described as:

> **LOT 5 OF TRACT 29111-1, IN THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 304 PAGES 68 THROUGH 74 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.**

14.     Plaintiff is, and has been, in continuous possession of the Homestead.

15.     Plaintiff did not make a forcible entry into the Homestead.

16.     Plaintiff is not unlawfully holding the possession of the Homestead by force.

17.     Plaintiff has never sold the Homestead.

*THE FIRST REFINANCE LOAN*

18.     On or about June 7, 2006, Plaintiff signed a Promissory Note in the amount of $470,000 ("First Note"), and entered into a consumer mortgage transaction with the First Lender, in the form of a boilerplate adhesion contract drafted by the First Lender (MIN 100024200013060039), and the extended consumer credit was subject to a finance charge and was initially payable to the First Lender on the face of the First Note.  The First Loan closed on June 15, 2006.

19.     (*) No one ever paid any consideration for the aforementioned First Note.

20.     (*) The First Lender keeps accounting entries for the First Loan in a "general ledger" or other ledger, showing all changes to Assets, Liabilities and Owner's Equity which were caused by the First Loan.  These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as Intermediate Accounting by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and Financial Accounting by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006).  These accounting ledger entries show that the First Lender did not make a loan.

21.     (*) The First Lender did not lend its assets.

22.     (*) The First Lender did not lend the assets of its depositors, investors, sub-lenders,

partners, contractors, or any similar third party.

23.     (*) The First Lender did not lend any money.

24.     (*) The First Lender did not lend any dollars.

25.     (*) The First Lender did not lend any Federal Reserve Notes.

26.     (*) The First Lender did not lend its credit.

27.     (*) The First Loan was sold before it was funded.

28.     (*) The First Note has subsequently been pledged as collateral for other secured

transactions.

29.     As part of the First Loan, Plaintiff signed a Deed of Trust, which stated: "MERS is a

separate corporation that is acting solely as nominee for Lender [American Broker's Conduit] and

Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument."

30.     (*) MERS had, and has, a contract with the First Lender, and with AMERICAN HOME

MORTGAGE INVESTMENT CORP.

31.     (*) The party for whom MERS is acting as nominee has changed, however MERS routinely

conceals the identity of the party for whom MERS is currently acting as nominee, and falsely

represents that MERS is still nominee for the party named in the First Deed of Trust.

32.     (*) When a loan goes into default, or when a loan becomes the subject of a lawsuit, MERS

routinely records an assignment from the first member – the one named in the Deed of Trust – to

the current member; however, by that time, MERS is no longer acting as nominee for the first

member, and there is in fact no assignment from the first member to the current member.  In other

words, MERS records a false chain of title.

33.     (*) MERS has gone to great lengths to conceal and hide the beneficial owners and holders

in due course of various mortgage loans and pools of loans.

34.     (*) The information contained in MERS' computer system shows all investors, servicers,

subservicers, and the document custodian who actually is the entity with physical possession of the

note.

35.     (*) MERS routinely claims the note is lost, but never files police and insurance reports, and

the "loss" fails to be reflected in due diligence and quality control reports; custodian exception

reports; reports of investigations of such loss, theft or destruction; the last sign in and sign out of

the promissory note via the custodian's records and register; nor receipts of the last mailing or

transfer of such note, which are generally made via overnight delivery and/or registered mail.

36.     (*) MERS never paid any consideration for the First Deed of Trust.

37.     The mortgage was a "consumer credit transaction" within the meaning of TILA, 15 U.S.C.

§ 1602 and Regulation Z.

38.     (*) At all times relevant to this action, the First Lender regularly extended consumer credit

which is payable by agreement in more than four installments or for which the payment of a

finance charge is or may be required, and was the person to whom the debt arising from the

consumer credit transaction was initially payable on the face of the evidence of indebtedness, thus

the Lender is a "creditor" under 15 U.S.C. § 1602(f)(1).

39.     The First Lender was "the creditor" under 15 U.S.C. § 1635(a).

40.     The obligation was secured by the Homestead and principal dwelling of Plaintiff.

41.     (*) Lender paid a "Premium Yield Adjustment," otherwise known as a Yield Spread

VERIFIED COMPLAINT                                                          Page 6 of  16

Premium, in the amount of $14,687.50, to the broker Park Place Funding POC, for no service or work other than the choice of a loan with a high interest rate.

42.     (*) The First Lender knowingly inserted into the documents several false and/or conclusory statements.

43.     At closing, the First Lender failed to give to the Plaintiff all material disclosures required by the Truth in Lending Act and by other applicable law.

44.     The First Lender failed to disclose the last date on which Plaintiff could cancel the loan.

45.     The First Lender failed to provide two copies of Notice of Right to Cancel in a form that Plaintiff could keep.

46.     This Complaint constitutes Notice of Rescission to all Defendants.  I WISH TO CANCEL LOAN NO. MIN 100024200013060039.

47.     Plaintiff is current on the First Loan and has made all payments as agreed.

48.     On June 15, 2006, the First Lender recorded its Deed of Trust as Instrument # 2006-0434352.

49.     (*) The First Loan is part of a loan pool covered by a Pooling and Servicing Agreement, a Subservicing Agreement, a Custodial Agreement, a contract with the title company, and other agreements to be determined in discovery.

50.     (*) The First Lender is not Owner and Holder of the First Note.

51.     (*) The First Note is not currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

52.     (*) The Holder has discharged the First Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

VERIFIED COMPLAINT                                                    Page 7 of 16

53.     If the identity of the owner and holder of the First Note is not established now, someone else may show up later holding the First Note and sue Plaintiff or otherwise attempt to collect.

***THE SECOND LOAN***

54.     On or about July 7, 2006, Plaintiff signed a Promissory Note in the amount of $50,000 ("Second Note"), and entered into a consumer mortgage transaction with the Second Lender, in the form of a boilerplate adhesion contract drafted by the Second Lender, and the extended consumer credit was subject to a finance charge and was initially payable to the Second Lender on the face of the Second Note.

55.     (*) No one ever paid any consideration for the aforementioned Second Note.

56.     (*) The Second Lender keeps accounting entries for the Second Loan in a "general ledger" or other ledger, showing all changes to Assets, Liabilities and Owner's Equity which were caused by the Second Loan.  These accounting ledger entries can be produced in a form similar to that described in accounting textbooks such as <u>Intermediate Accounting</u> by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and <u>Financial Accounting</u> by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006).  These accounting ledger entries show that the Second Lender did not make a loan.

57.     (*) The Second Lender did not lend its assets.

58.     (*) The Second Lender did not lend the assets of its depositors, investors, sub-lenders, partners, contractors, or any similar third party.

59.     (*) The Second Lender did not lend any money.

60.     (*) The Second Lender did not lend any dollars.

61.     (*) The Second Lender did not lend any Federal Reserve Notes.

62.    (*) The Second Lender did not lend its credit.

63.    (*) The Second Loan was sold before it was funded.

64.    (*) The Second Note has subsequently been pledged as collateral for other secured transactions.

65.    (*) At all times relevant to this action, the Second Lender regularly extended and offered to extend consumer credit subject to a finance charge or which, by written agreement, is payable in more than four installments (not including a down-payment) and offered services in support thereof.

66.    The alleged obligation was secured by the Homestead and principal dwelling of Plaintiff.

67.    (*) The Second Lender knowingly inserted into the documents several false and/or conclusory statements.

68.    At closing, the Second Lender failed to give to the Plaintiff all material disclosures required by the Truth in Lending Act and by other applicable law.

69.    The Second Lender failed to provide two copies of Notice of Right to Cancel in a form that Plaintiff could keep.

70.    This Complaint constitutes Notice of Rescission to all Defendants.  I WISH TO CANCEL LOAN NO. 0004750773.

71.    (*) The Second Lender did not lend its credit.

72.    Plaintiff is current on the Second Loan and has made all payments as agreed.

73.    On July 13, 2006, the Second Lender recorded its Deed of Trust as Instrument # 2006-0512060.

74.    (*) The Second Loan is part of a loan pool covered by a Pooling and Servicing Agreement,

VERIFIED COMPLAINT                                                    Page 9 of 16

a Subservicing Agreement, a Custodial Agreement, a contract with the title company, and other agreements to be determined in discovery.

75.     (*) The Second Lender is not Owner and Holder of the Second Note.

76.     (*) The Second Note is not currently held by a legal entity of the type that is authorized to own and hold Notes (e.g. an individual, corporation, partnership, etc.)

77.     (*) The Holder has discharged the Second Note by materially and fraudulently altering it, and/or cancelling and/or renouncing it.

78.     If the identity of the owner and holder of the Second Note is not established now, someone else may show up later holding the First Note and sue Plaintiff or otherwise attempt to collect.

79.     Federal Reserve Notes do not trade at par with gold or silver coin.  For example, the American Gold Eagle Ten-Dollar Coin costs more than $10.00 in Federal Reserve Notes, and the Spanish Milled Dollar costs more than one $1.00 Federal Reserve Note.

### First Cause of Action - Quiet Title

### (Against All Defendants)

For his first claim for relief, Plaintiff realleges and incorporates the above paragraphs and further alleges:

80.     At all times relevant to this Complaint, Plaintiff was and is in possession and has been in continuous possession of the Homestead, against all the world, and has paid all lawful property taxes thereon.

81.     Plaintiff has superior and legal title to, and other interest in, the Homestead.

82.     At all times relevant to this Complaint, Plaintiff was and is the owner of the Homestead and entitled to such ownership and use without interference by Defendants.

VERIFIED COMPLAINT

83.     Defendants' claims to any right, title or interest in the property are false and without merit.

84.     Defendants' purported security interest is void because of the rescission.

85.     (*) Defendants are not the owners or holders of any promissory note encumbering the Homestead.

86.     Plaintiff bring this suit against Defendants who claim an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

87.     Plaintiff seek rescission of the loan, Judgment, Order and Decree quieting title to the Homestead in Plaintiff, and such further equitable relief as the Court deems proper.

### Second Cause of Action - Truth in Lending Act (15 U.S.C. § 1601 et seq.)

### (Against Defendants AMERICAN HOME MORTGAGE INVESTMENT CORP.;

### NATIONAL CITY BANK)

For his second claim for relief, Plaintiff realleges and incorporates the above paragraphs and further alleges:

88.     At closing, the Lender failed to give to the Plaintiff all material disclosures required by the Truth in Lending Act and by other applicable law.

89.     Plaintiff hereby timely rescinds the loans.

90.     As a result, the security interest is void.

91.     The First and Second Lenders are liable for recording all necessary documents reflecting the termination of the void security interests within 20 days of receipt of notice of rescission.

### Third Cause of Action - Breach of Contract

### (Against Defendants AMERICAN HOME MORTGAGE INVESTMENT CORP.;

### NATIONAL CITY BANK)

VERIFIED COMPLAINT

92.     For his third claim for relief, Plaintiff realleges and incorporates the above paragraphs and further alleges:

93.     This claim arises under California contract law.

94.     (*) Plaintiff and Defendants entered into enforceable contracts, planned and drafted by Defendants.  Without limitation, the contracts called for each of the First Lender and Second Lender to make "a loan."

95.     (*) The contracts were unconscionable, because they called for performance by Plaintiffs, but called for no performance by Defendants.  Instead they falsely assumed that Defendants had already performed, by stating: "In return for a loan which I have received ..." when no loan had been received.

96.     (*) Plaintiff performed all conditions precedent to Defendants' performance.

97.     (*) Defendants unjustifiably breached the contracts. Without limitation, Defendants failed to make "a loan."

98.     (*) Plaintiff suffered actual and consequential damages or loss proximately caused by that breach.

99.     (*) Defendants, by breaching the contracts, repudiated them.  Plaintiff hereby indicates that he accepts Defendants' repudiations so that the contracts are discharged.

100.    (*) As a result of Defendants' wrongful actions, Plaintiff suffered actual and consequential damages exceeding $520,000.00 plus, treble damages, punitive damages, and other damages to be determined at trial.

### Fourth Cause of Action - Breach of Fiduciary Duty

### (Against Defendant MERSCORP, INC.)

VERIFIED COMPLAINT                                                    Page 12 of  16

101.    For his fourth claim for relief, Plaintiff realleges and incorporates the above paragraphs and further alleges:

102.    (*) MERSCORP, INC. is responsible and liable for the actions of its wholly-owned subsidiary, MERS.

103.    (*) In transactions not involving MERS, an Assignment is recorded in the county property records each time a loan is assigned, therefore the identity of the owner of the loan is public record.

104.    (*) In transactions involving MERS, no such Assignments are recorded, therefore the borrower has no way of knowing who owns the loan. MERS, the current owner, and the immediately previous owner are the only parties who know who owns the loan.

105.    (*) Because of MERS' superior knowledge, MERS has more than an ordinary business relationship with borrowers.  MERS has a fiduciary duty to inform Plaintiff who owns the First Loan.

106.    (*) MERS did not inform Plaintiff who owns the First Loan.

107.    (*) As a result of Defendant's wrongful actions, Plaintiff suffered actual and consequential damages exceeding $10,000.00 plus, treble damages, punitive damages, and other damages to be determined at trial.

### Fifth Cause of Action - Real Estate Settlement Procedures Act

### (12 U.S.C. § 2601 et seq.)

### (Against Defendants AMERICAN HOME MORTGAGE INVESTMENT CORP.;

### NATIONAL CITY BANK)

For his fifth claim for relief, Plaintiff realleges and incorporates the above paragraphs and further alleges:

VERIFIED COMPLAINT                                                    Page 13 of  16

## *YIELD SPREAD PREMIUM*

108.　(*) The First Lender paid a "Premium Yield Adjustment," otherwise known as a Yield Spread Premium, in the amount of $14,687.50, to the broker Park Place Funding POC, for no service or work other than the choice of a loan with a high interest rate, in violation of the anti-kickback provision of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA").

109.　Institutional lenders normally are not required to disclose a Yield Spread Premium. The reason is that institutional lenders sell their loans in a true "Secondary Market Transaction" sometime after the loan is closed. This means that the loan is sold at a later time and their true "Yield Spread" or additional revenue is not yet known.

110.　(*) However, in this case, the First Loan was sold before it was funded.

111.　(*) The trading among MERS members is not a true "Secondary Market Transaction."

112.　(*) Therefore, the Yield Spread was known.

113.　(*) As a result of Defendant's wrongful actions, Plaintiff has suffered actual and consequential damages exceeding $10,000.00 plus, treble damages, punitive damages, and other damages to be determined at trial.

### Prayer for Relief:

114.　Plaintiff pray this honorable Court take jurisdiction of this case.

115.　Plaintiff pray for Decrees and Judgments as follows:

116.　Enjoin, immediately, all Defendants, during the pendency of this action, and permanently thereafter, from recording any mortgages regarding the Homestead; from selling, assigning or transferring mortgages or obligations relating to the Homestead; from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the Homestead; from

VERIFIED COMPLAINT　　　　　　　　　　　　　　　　Page 14 of 16

instituting, prosecuting, or maintaining ejectment or F.E.D. proceedings against Plaintiff; or from

otherwise taking any steps to deprive Plaintiff of ownership and/or enjoyment of the Homestead.

117.    Declaratory judgment that the alleged contract is unconscionable.

118.    Declaratory judgment that Plaintiff has clear title to the property, free from any

encumbrances by Defendants, and that Defendants have no valid security interest in Plaintiff's

property, or in the alternative, reformation of the contract.

119.    On Plaintiff's First Claim (Quiet Title):

   (A) a Judgment and Decree quieting title in favor of Plaintiff;

   (B) Order all Defendants to rescind and cancel the alleged loan in its entirety and

return to Plaintiff any and all of their original signed documents;

   (C) Order all Defendants to take all action necessary to terminate any security in the

Homestead created under the transaction and that the Court declare all such security void,

including but not limited to the aforementioned mortgage.

120.    On Plaintiff's Second Claim (TILA): a Judgment and Decree for rescission of the loan,

punitive damages, actual damages, attorney fees and costs, against AMERICAN HOME

MORTGAGE INVESTMENT CORP. and NATIONAL CITY BANK;

121.    On Plaintiff's Third Claim (Breach of Contract):

   (A) a Judgment and Decree for $520,000.00, interest, punitive damages, actual

damages, attorney fees and costs, against AMERICAN HOME MORTGAGE INVESTMENT

CORP. and NATIONAL CITY BANK;

   (B) Order Defendants to rescind and cancel the contract in its entirety and return to

Plaintiff any and all of their original signed documents; or in the alternative, money judgment in an

VERIFIED COMPLAINT              Page 15 of 16

amount sufficient to retire the contract;

122.    On Plaintiff's Fourth Claim (Breach of Fiduciary Duty): a Judgment and Decree for

$10,000.00, interest, punitive damages, actual damages, attorney fees and costs, against

MERSCORP, INC.;

123.    On Plaintiff's Fifth Cause of Action (RESPA), a Judgment and  Decree in favor of Plaintiff

against Defendant, actual damages in the amount of $10,000 or an amount to be proven at trial,

statutory damages, other general and consequential damages, punitive damages, and for such other

relief as the Court deems just and proper to be ascertained at trial.

124.    Such other relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  See 28 U.S.C. 1746.

Executed on: 3 /25/2008                    by: _____

William Boles
26740 Kingwood Road
Murrieta, CA   92563
(951) 808-5800

VERIFIED COMPLAINT                                                  Page 16 of  16

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WILLIAM BOLES | MERSCORP, INC, et al. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|
| RIVERSIDE | |

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| PRO SE, 26740 KINGWOOD RD. MURRIETA, CA 92563 951 808 5600 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C § 1601

**VII. NATURE OF SUIT** (Place an X in one box only.) TRUTH IN LENDING

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☒ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV 08 - 01989 PSG (EX)

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

MAR 25 2008

UNITED S..TES DISTRICT COURT, CENTRAL DISTRI. OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or
☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.   Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

~~OHIO~~   RIVERSIDE COUNTY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

OHIO

List the **California County**, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

RIVERSIDE COUNTY

X. SIGNATURE OF ~~ATTORNEY~~ PLAINTIFF (OR PRO PER):  _____   Date  3-25-2008

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV08- 1989 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Central _____ District of _____ California

William Boles

**SUMMONS IN A CIVIL CASE**

v.

MERSCORP, INC. ;

*(See attached)*

CASE NUMBER: **CV 08 - 01989** PSG (Ex)

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William Boles
26740 Kingwood Road
Murrieta, CA  92563

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SHERRI R. CARTER                                        MAR 2 5 2008

CLERK                                                              DATE

(By) DEPUTY CLERK

William Boles
26740 Kingwood Road
Murrieta, CA   92563
(951) 808-5800

*ORIGINAL*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| William Boles | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT** |
| | ) | |
| vs. | ) | **Quiet Title,** |
| | ) | |
| MERSCORP, INC.; | ) | **TILA (15 U.S.C. § 1601 et seq.),** |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | **Breach of Contract,** |
| INVESTMENT CORP.; | ) | |
| | ) | **Breach of Fiduciary Duty,** |
| NATIONAL CITY BANK; | ) | |
| | ) | **RESPA (12 U.S.C. § 2601 et seq.)** |
| UNKNOWN OWNERS OF THE EVIDENCE OF | ) | |
| THE DEBT and/or OWNERS OF THE NOTE, | ) | |
| | ) | **[Supplemental State Claims]** |
| Defendants. | ) | |

I, William A. Boles, declare:

### Preliminary Statement

1.      Defendants violated and impaired Plaintiff's Constitutional rights, statutory and common

law rights to own property and the privacy of their home. My home is my castle.

2.      This action is an action for damages and equitable relief, including compensatory damages,

punitive damages and attorney's fees and costs, to quiet the title to Plaintiff's property, to redress

VERIFIED COMPLAINT                                                          Page 1 of 16