O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #8 &13

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** (In Chambers) Order on Defendant's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.   BACKGROUND

William Boles ("Plaintiff") is the owner of real property in Murrieta, CA. On June 7, 2006, Plaintiff entered into a consumer mortgage transaction ("First Loan") with American Home Mortgage Investment Corp. ("AHMIC"). On July 7, 2006, Plaintiff entered into a distinct second consumer mortgage transaction ("Second Loan") with National City Bank ("National"). As part of the Second Loan, Plaintiff signed a promissory note in the amount of $50,000.

Plaintiff claims that E*Trade Bank ("Defendant") is the current assignee and holder of the "Second Loan." Plaintiff also alleges that neither AHMIC nor National furnished any consideration or lent any of their assets, in violation of the contracts. Additionally, Plaintiff alleges that AHMIC and National inserted into the mortgage documents several false statements and did not give Plaintiff all material disclosures required by the Truth in Lending Act ("TILA"), including the last date on which Plaintiff could cancel the loans. Further, Plaintiff alleges AHMIC failed to supply Plaintiff with two copies of a Notice of Right to Cancel and thus failed to comply with TILA.

On May 27, 2008, Plaintiff filed an Amended Verified Complaint ("AVC") in which he

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #8 &13

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

asserts five claims, with only the first two directed against Defendant.[1] Plaintiff's first cause of action seeks to Quiet Title in real property. Although Plaintiff does not specify, this claim appears to arise under California state law. Plaintiff's second cause of action is for violations of TILA, pursuant to 15 U.S.C. § 1601, *et seq.*

II. DISCUSSION

Defendant[2] has brought a motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) to dismiss on the basis that Plaintiff fails to state a claim. Alternatively, Defendant has filed a motion pursuant to FRCP 12(e) for a more definite statement because the claims Plaintiff allege are too vague to allow Defendant to respond. Finally, Defendant has brought a motion pursuant to FRCP 12(f) to strike because Plaintiff's pleading contains redundant, immaterial, and impertinent matter.

    A. *Motion to Dismiss*

        1. Legal Standard: FRCP 12(b)(6) - Motion to Dismiss

Rule 12(b)(6) of the FRCP provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's

---

[1] The first cause of action is additionally against Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., American Home Mortgage Investment Corp., American Brokers Conduit, LLC, American Mortgage Servicing, Inc., National City Bank, and CLC Consumer Services Co., while the second cause of action is also directed against American Home Mortgage Investment Corp., American Brokers Conduit, LLC, National City Bank, American Home Mortgage Servicing, Inc., and CLC Consumer Services Co.

[2] Merscorp and Mortgage Electronic Registration Systems, Inc. join Defendant in the motions on grounds 1 and 3 of Defendant's Motion to Dismiss, on grounds 1(a), 1(d), 1(i), and 1(j) of Defendant's Motion for More Definite Statement, and on grounds 1(h), 1(i), and 1(j) of Defendant's Motion to Strike.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #8 &13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The complaint must allege sufficient facts to raise a right to relief above the speculative level. *See id.* (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

In deciding a 12(b)(6) motion, a court must accept as true all factual allegations in the complaint, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and views these allegations in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

   2.  Discussion: FRCP 12(b)(6) - Motion to Dismiss

     (a)  Plaintiff's First Cause of Action - Quiet Title

Plaintiff's first cause of action - to quiet title in real property - fails because of defects in the AVC. California Code of Civil Procedure ("CCCP") § 761.020 sets forth the required contents of a complaint to quiet title in California. CCCP § 761.020 states:

> The complaint shall be verified and shall include all of the following: . . . (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

Cal. Code Civ. P. § 761.020. Plaintiff has not alleged the date as of which the determination is sought. Consequently, Plaintiff has failed to state a claim to quiet title for which relief can be granted. The Court DISMISSES the first cause of action to Quiet Title, with leave to amend.

     (b)  Plaintiff's Second Cause of Action - Violations of TILA

Plaintiff's second cause of action encompasses two claims under TILA, one for rescission of the Second Loan, and one for damages.

       i.  TILA Rescission Claim

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #8 &13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

Plaintiff claims that rescission of the Second Loan is appropriate because all necessary material disclosures were not given to Plaintiff at the time the second mortgage transaction was completed, as required by TILA. Plaintiff states that these disclosures include, but are not limited to, "two copies of Notice of Right to Cancel," "non-misleading advertising," "accurate numbers at closing," "facts at closing stated clearly," and "adequate notice of rate increases after closing." (AVC p.14-17)

Defendant argues that Plaintiff's claim for rescission does not include factual allegations but instead contains legal conclusions. To make a determination on a 12(b)(6) motion, Courts do not need to pay heed to a plaintiff's legal conclusions; only factual allegations in a complaint are given deference. *See United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986) ("[w]hile the court generally must assume factual allegations to be true, it need not assume the truth of legal conclusions cast in the form of factual allegations.") (citations omitted), *cert. denied*, 479 U.S. 1009, 107 S. Ct. 650, 93 L. Ed. 2d 705 (1986).

In this case, Plaintiff's claim for rescission fails because he does not clearly state the facts regarding allegedly deficient disclosures and relies on mere legal conclusions. Plaintiff lists disclosures which he believes he is owed and did not receive. However, Plaintiff has not specified any particular items which Defendant did not disclose, and Plaintiff has not alleged under what grounds he is owed these disclosures. For example, Plaintiff alleges he was denied the disclosure of "facts at closing stated clearly," but he has not stated the nature of these facts, how they are related to the transaction, and under what grounds he is owed these "facts." Also, Plaintiff's claim that the disclosures were deficient is not a factual allegation but a legal conclusion.

Therefore, the Court finds that Plaintiff has failed to state a claim that entitles Plaintiff to rescission of the Second Loan under TILA. The Court GRANTS Defendant's Motion to Dismiss Plaintiff's claim for rescission under TILA, with leave to amend.

ii.   TILA Damages Claim

Defendant argues that 15 U.S.C. § 1640(e) bars Plaintiff's second cause of action for damages. TILA, at 15 U.S.C. § 1640(e), provides the measure of damages for a violation of its provisions. It states:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #8 &13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

the violation. ...

15 U.S.C. § 1640(e). Plaintiff alleges to have entered the mortgage agreements in 2006. However, he filed his complaint for this matter in 2008, outside of the one year statute of limitations.

In his response, Plaintiff argues that facts in the AVC should move the Court to apply the principle of "equitable tolling" to unburden Plaintiff of the statute of limitations bar. In particular, Plaintiff claims that "equitable tolling" of the statute of limitations is appropriate because of "exceptional circumstances" and because, here, there "was no oversight, miscalculation or negligence on Plaintiff's part." (Plaintiff's Response p.2[3]) Plaintiff does not provide any specific facts concerning the "exceptional circumstances." The Court does not find that there is, nor does Plaintiff provide, any justification to waive the statute of limitations in the interest of equity.

Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's second cause of action under TILA for damages, with leave to amend.

    B.    *Motion for More Definite Statement*

        1.    Legal Standard: FRCP 12(e) - Motion for More Definite Statement

FRCP 12(e) states:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). The Ninth Circuit has explained that "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under [FRCP] 12(e), require such detail as may be appropriate in the particular case ...." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

---

[3] Plaintiff's response did not contain pagination. The Court has numbered the document's pages in the order in which Plaintiff arranged and filed them.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #8 &13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

  2.  Discussion: Motion for More Definite Statement

 In the alternative to Defendant's Motion to Dismiss, Defendant has filed a motion to require Plaintiff to make a more definite statement because the AVC is so vague that the Defendant cannot reasonably form a responsive pleading.

    (a)  Disclosures

 In paragraphs 110, 136, and 137 of the AVC, Plaintiff claims that Defendant made insufficient disclosures to Plaintiff at the time of the second mortgage transaction. Defendant argues that these paragraphs do not give enough detail about the nature of the disclosures. However, the Court finds that Plaintiff's allegations provide enough information for Defendant to answer.  With the notice pleading standard of FRCP 8, Plaintiff is not required to provide thorough details concerning every factual allegation.  *Mendiondo v. Centinela Hosp. Medical Center*, 521 F. 3d 1097, 1104 (9th Cir. 2008) (citations omitted).

 Also, Defendant's argument that Plaintiff contradicts himself in Paragraph 27 does not lead the Court to require a more definite statement from Plaintiff.  Defendant has enough information to answer the allegation.

 Further, Defendant argues that Plaintiff contradicts himself by alleging in Paragraph 88 of the AVC that consumer credit was extended to Plaintiff by Defendant after the Second Loan was completed, but then Plaintiff later claims that nothing of value was given in consideration of the Second Loan.  However, Paragraph 88 does not claim that the Defendant ever extended credit to Plaintiff, only that the contract for the Second Loan references the extension of credit.  Plaintiff therefore has not contradicted his claim that he never received consideration for either mortgage transaction.

    (b)  Fraudulent Activities

 Additionally, Plaintiff, in paragraphs 125 and 99 of the AVC, alleges that Defendant conducted fraudulent activities.  If Plaintiff had brought a cause of action for fraud, FRCP 9(b) would have required much more specific pleading of the facts surrounding the fraud.  Here, Plaintiff does not bring a cause of action for fraud.  Thus, Plaintiff is not required to give more specific details for Defendant to respond to Plaintiff's allegations.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #8 &13

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

    (c)    Special Damages

In paragraphs 2 and 144 of the AVC, Plaintiff alleges that he is entitled to special damages and attorney's fees but fails to provide a justification for these allegations with the proper specificity. FRCP 9(g) states, "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). Plaintiff's claim for special damages fails to allege specific facts that would entitle him to special damages.

Consequently, the Court GRANTS Defendant's Motion to Make More Definite as to paragraph 144 of the AVC. Otherwise, the Court DENIES Defendant's Motion to Make More Definite.

    C.    *Motion to Strike*

    1.    Legal Standard: FRCP 12(f) - Motion to Strike

FRCP 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). The Ninth Circuit has explained that, "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *reversed on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

However, "[f]ederal courts generally disfavor motions to strike." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003). *See also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.") (citing sources); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (quotation marks and citations omitted).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

link #8 &13

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Aug. 26, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

    2.    Discussion: Motion to Strike

Defendant moves to strike paragraphs 95, 96, 98, 100, 116, 122, 123, 127, 191, and 196 of the AVC. However, the Court DENIES Defendant's motion to strike for several reasons. First, the Court finds that these paragraphs may prove to be relevant to Plaintiff's claims. At this stage, it is too early to determine that these paragraphs are irrelevant or unnecessary to Plaintiff's claims. Also, motions to strike are generally disfavored, and here, the importance of the disputed paragraphs is not clear.

III.    CONCLUSION

For the foregoing reasons, the Court:

1.    GRANTS Defendant's Motion to Dismiss Plaintiff's first cause of action to quiet title, with leave to amend.

2.    GRANTS Defendant's Motion to Dismiss Plaintiff's second cause of action for rescission of the second loan and for damages, with leave to amend.

3.    GRANTS Defendant's Motion to Make More Definite as to paragraph 144 of the AVC and, otherwise, DENIES Defendant's Motion to Make More Definite.

4.    DENIES Defendant's Motion to Strike.

Plaintiff may file a Second Amended Complaint within twenty-one days from the date of entry of this order.

**IT IS SO ORDERED.**