O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #15&18

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   (In Chambers) Order on Defendant's Motion to Dismiss Under FRCP 12(b)(6)

Pending before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15.

I.   BACKGROUND

William Boles ("Plaintiff") is the property owner of 26740 Kingwood Road in Murrieta, California. (Amend. Compl., ¶ 30.) On June 7, 2006, Plaintiff refinanced his property in the amount of $470,000 with Defendant American Home Mortgage Servicing, Inc. ("AHMIC"). (*Id.* at ¶¶ 20 & 35.)  The mortgage transaction that Plaintiff entered into with AHMIC was closed on June 15, 2006. (*Id.* at ¶ 35.) On July 7, 2006, Plaintiff alleges that he entered into another mortgage transaction with Defendant National City Mortgage ("NCM")[1] in the amount of $50,000. (*Id.* at ¶¶ 22 & 88.) According to Plaintiff, however, Defendant NCM is not the owner and holder of the $50,000 loan. (*Id.* at ¶ 116.)

Plaintiff alleges that Defendants AHMIC and NCM inserted several false statements in the mortgage documents. (Amend. Compl., ¶¶ 66 & 99.) Plaintiff also alleges that both Defendants did not give Plaintiff all material disclosures as required by the Truth in Lending Act

---

[1] NCM is a division of National City Bank ("NCB"). In Plaintiff's Complaint, Plaintiff alleges that NCM appeared as the lender on the closing documents of the $50,000 loan. (Amend. Compl., ¶ 22.) It appears, however, that Plaintiff has incorrectly named NCB instead of NCM as a defendant.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #15&18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

("TILA"), including "non-misleading advertising and other communications before closing," "a copy of the Notice of Right to Cancel at closing," "accurate numbers at closing," "facts at closing stated clearly and conspicuously and not misleadingly," and "adequate notice of rate increase after closing." (*Id.* at ¶ 136.) Finally, Plaintiff alleges that Defendants failed to "make a loan." (*Id.* at ¶ 150.)

The preceding allegations form the basis of Plaintiff's lawsuit, which he commenced on March 25, 2008. The lawsuit consists of the following claims: (1) quiet title; (2) TILA violations; (3) breach of contract; (4) breach of fiduciary duty; and (5) Real Estate Settlement Procedures Act ("RESPA") violations. (*Id.* at ¶¶ 190-94.) On August 11, 2008, Defendant NCM filed the instant Motion with this Court, in which it requests that this Court dismiss the first three claims: (1) quiet title; (2) TILA violations; and (3) breach of contract. Plaintiff never filed an opposition in response to Defendant NCM's Motion to Dismiss. On September 8, 2008, Defendant NCM filed a Notice of Non-Opposition.

II.     LEGAL STANDARD

    A.     Local Rules

Local Rule 7-9 provides that an opposing party has to file an opposition "not later than ten (10) days after service of the motion . . . and not later than fourteen (14) days before the date designated for the hearing of the motion. . . ." Local Rule 7-12 provides that the failure to file any required paper may be "deemed consent to the granting or denial of the motion." The rules apply to all litigants, including those proceeding *pro se*, and district courts have discretion to dismiss for failure to comply with the local rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

    B.     Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) provides an opportunity for a party to dismiss a claim when the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #15&18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

In deciding a 12(b)(6) motion, a court must accept as true all factual allegations in the complaint, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must view these allegations in the light most favorable to the plaintiff. *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1995). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).

In cases where a plaintiff proceeds *pro se*, the Court has an obligation to construe his complaint liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). Indeed, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.    DISCUSSION

     A.    Local Rules 7-9 and 7-12

Pursuant to Local Rule 7-9, Plaintiff's deadline to file an opposition was September 1, 2008, fourteen days before the scheduled September 15, 2008 hearing date. Plaintiff did not file an opposition to Defendant's Motion to Dismiss before the deadline or anytime after. On that basis alone, the Court could grant Defendant NCM's Motion. *See* Local R. 7-12*.* However, in this particular case, the court has decided not to automatically dismiss Plaintiff's case for failure to comply with the Local Rules. Instead, the Court will rule on the merits of the Motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #15&18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

  B.  <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

    1.  <u>First Cause of Action: Quiet Title</u>

  According to California Code of Civil Procedure ("CCP") section 761.020(c), to state a cause of action to quiet title a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. §761.020(c).[2]

  In the present case, Plaintiff has failed to state a cause of action for quiet title. Plaintiff alleges that Defendant is not the owner and holder of the $50,000 loan. (Amend. Compl., ¶ 116.) If Defendant is not the owner and holder of the loan, then it necessarily follows that Defendant has no adverse claims to Plaintiff's Murrieta property in Plaintiff's quiet title action. Thus, Plaintiff has failed to state a cause of action pursuant to CCP section 761.020(c).

  Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's claim to quiet title, with leave to amend.

    2.  <u>Second Cause of Action- Violation of TILA</u>

      a.  <u>Rescission</u>

  TILA require the lender to provide material disclosures including an obligor's right to exercise rescission. 15 U.S.C. § 1635(a). If the lender fails to comply with the TILA disclosure requirements, the borrower may rescind the loan within "three years after the date of consummation of the transaction." *Id.* at § 1635(f). Thus, certain TILA violations entitle the plaintiff to rescind the loan agreement for up to three years, even if the violation is minor or merely technical. *Semar v. Platte Valley Fed. Savings*, 791 F.2d 699, 704 (9th Cir. 1986).

  In Plaintiff's Complaint, Plaintiff has not alleged sufficient facts that would entitle him to relief under this provision. Plaintiff has not pleaded with enough specificity regarding the particular items which Defendant did not disclose. For example, Plaintiff alleges that he was

---

  [2]NCM asserts that to state a cause of action to quiet title, Plaintiff must allege "[t]he title of the plaintiff as to which a determination . . . is sought and the basis of the title." Cal. Code Civ. Proc. § 761.020(b). But this is not the relevant code section to show that Plaintiff did not establish the cause of action to quiet title. The relevant code section is CCP section 761.020(c).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**LINK #15&18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

denied the disclosure of "facts at closing stated clearly," but he has not stated the nature of these facts, how they are related to the transaction, and under what grounds he is owed these facts. Thus, Plaintiff has failed to state a claim that entitles him to rescission under TILA.

Therefore, the court GRANTS Defendant's Motion to Dismiss Plaintiff's claim for rescission under TILA, with leave to amend.

        b.      Damages

Pursuant to section 1640(e) of TILA, "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statute of limitation begins to run from the date of consummation of the transaction. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).

On the face of Plaintiff's Complaint, it appears that Plaintiff did not file his claim before the statute of limitations had run. Indeed, Plaintiff himself alleges that the mortgage transaction for the $50,000 loan with NCM took place on July 7, 2006. (Amend. Compl., ¶¶ 22 & 88.) Hence, the statute of limitations for this transaction began to run on July 7, 2006 and it ran on July 7, 2007. Plaintiff did not file his claims for damages under TILA until March 28, 2008, which is over nine months after the statute of limitations ran. Thus, Plaintiff's damages claim under TILA is barred and damages are not available under TILA.

Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's claim seeking damages under TILA, with leave to amend.

        3.      Third Cause of Action- Breach of Contract

The elements for breach of contract are: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages to the plaintiff. *Acoustics, Inc. v. Trepte Construction Company*, 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (1971).

In Plaintiff's Complaint, Plaintiff alleges all the elements for breach of contract. Specifically, Plaintiff has alleged that there is a loan contract between him and NCM, Plaintiff has made his monthly payments, NCM has failed to "make a loan," and Plaintiff is seeking damages. (Amend. Compl., ¶¶ 113, 147, 150-51.) Assuming all factual allegations in the Complaint are true, as the Court must do on this Motion, it follows that Plaintiff would be

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LINK #15&18

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Sept. 25, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., et al. | | |

entitled to relief based on these allegations. Accordingly, Plaintiff has met the low threshold pleading requirement by providing more than just labels and conclusions in his pleading. *See Bell Atlantic Corp.*, 127 S. Ct. at 1965.

Therefore, the Court DENIES Defendant's Motion to Dismiss Plaintiff's claim for breach of contract.

## VI. CONCLUSION

For the foregoing reasons, the Court:

1. GRANTS Defendant's Motion to Dismiss Plaintiff's first cause of action to quiet title, with leave to amend;

2. GRANTS Defendant's Motion to Dismiss Plaintiff's second cause of action for rescission of the second loan for the violation of TILA, with leave to amend;

3. GRANTS Defendant's Motion to Dismiss Plaintiff's second cause of action for damages for the violation of TILA, with leave to amend; and

4. DENIES Defendant's Motion to Dismiss Plaintiff's third cause of action for breach of contract.

Plaintiff may file a Second Amended Complaint within **twenty-one days** from the date of entry of this order.