O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                        Not Present

**Proceedings:** **(In Chambers) Order Denying Application for Temporary Restraining Order**

On December 1, 2008, William Boles ("Boles"), appearing *pro se*, filed an application for a temporary restraining order ("TRO") with the Court. In his application, Boles requests a temporary restraining order, enjoining "Defendants"[1] from conducting a nonjudicial foreclosure sale of Boles' property located at 26740 Kingwood Road, Murrieta, CA, 92563. Then, on December 9, 2008, Boles filed an *ex parte* application, requesting the same. For the reasons that follow, the Court DENIES Boles' application.

An applicant for a TRO must attempt to give the affected party (or her counsel) actual notice of when and where the application for the TRO is to be made. *See* Fed. R. Civ. P. 65(b). A TRO may issue without such notice only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

---

[1] It is unclear from the application who Boles is referring to when he uses the term "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

     Although unclear from Boles' Second Amended Complaint ("SAC"), it appears that Defendant American Brokers Conduit LLC ("ABC") is the lender of the loan that is to be foreclosed.  *See SAC* ¶ 18.  As such, Defendant ABC is the affected party whom Boles was required to notify.

     Boles has not notified the affected party in this matter.  Indeed, as evidenced by the Declaration of Service, which Boles has attached to his application, only Defendants Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., American Home Mortgage Servicing, Inc., Option One Mortgage Corporation, National City Mortgage, National City Bank, E*Trade Bank, CLC Consumer Services Company, AHMSI Default Services, Inc., and T.D. Service Company have been served with a copy of Boles' application.  Boles has also not demonstrated that he can seek refuge under the exception to the notice requirement, provided in Federal Rule of Civil Procedure 65(b).  Consequently, the Court must DENY Boles' application.

     The Court recognizes that there are "very few circumstances justifying the issuance of an *ex parte* TRO."  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For example, courts have granted such a TRO "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  *Id.* (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984)).  Courts have also recognized "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action."  *Reno Air Racing Ass'n*, 452 F.3d at 1131 (citing *Am. Can Co.*, 742 F.2d at 322). Unfortunately for Boles, he has failed to present evidence demonstrating that his case falls within these "very few circumstances."  Accordingly, the Court finds that it is without authority to issue an *ex parte* TRO.

     In summary, the Court DENIES Boles' application.  Boles is urged to serve the affected party.  Boles is also reminded that he must notify the Court of the efforts made to contact the affected parties; and whether, after such contact, the affected parties have indicated opposition to the TRO application or have requested to be present when heard.  *See* Local. R. 7-19.1.

     **IT IS SO ORDERED.**