O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:** (In Chambers) Order on Defendant NCM's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.      BACKGROUND

William Boles ("Plaintiff") is the owner of the property located at 26740 Kingwood Road in Murrieta, California. *Second Amended Verified Complaint* ("SAVC") ¶ 30. Plaintiff alleges that on July 7, 2006, he entered into a mortgage transaction with National City Mortgage ("NCM"), the "second lender," in the amount of $50,000. *Id.* at ¶¶ 22 & 88. Plaintiff alleges that NCM "failed to provide two copies of Notice of Right to Cancel in a form that Plaintiff could keep" and "failed to disclose the true identity of the creditor at closing" as required by the Truth in Lending Act ("TILA"). *Id.* at ¶¶ 111 & 136. Plaintiff also alleges that NCM failed to "make a loan." *Id.* at ¶ 150.

On October 17, 2008, Plaintiff filed his SAVC, asserting three causes of action against NCM for quiet title, violation of TILA, and breach of contract.[1] *Id.* at ¶¶ 190-92. On November 3, 2008, NCM filed its Motion to Dismiss Plaintiff's SAVC and its Motion to Strike Portions of

---

[1] NCM is not a party to the fourth, fifth, sixth, and seventh causes of action for breach of fiduciary duty, violation of the Real Estate Settlement Procedures Act, nuisance/wrongful foreclosure, and violations of the Fair Debt Collection Practices Act, respectively.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

40/43/48/49/51

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Plaintiff's SAVC.[2]  Plaintiff filed an untimely Opposition on November 25, 2008.

II.     Legal Standard

    A.     Local Rules

Local Rule 7-9 provides that an opposing party may file an opposition "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances . . . ."  Local Rule 7-12 provides that failure to file an opposition may be "deemed consent to the granting . . . of the motion."  These rules apply to all litigants, including those proceeding *pro se*, and district courts have discretion to dismiss an action for failure to comply with the local rules.  *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

    B.     Federal Rules of Civil Procedure

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the claimant fails to state a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Courts must also construe all reasonable inferences in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment.  *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*.  A document, however, may be considered only if it is alleged in the complaint, and its authenticity is not questioned.  *See id.*

In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful

---

    [2] On November 14, 2008, Defendants Merscorp, Inc. ("Merscorp") and Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic") filed a Motion to Join NCM's Motion to Strike and Defendants American Home Mortgage Servicing, Inc. and Option One Mortgage Corp. ("Option One") filed their Motions to Join NCM's Motion to Dismiss and Motion to Strike.  The Court DENIES their Motions to Join because they have not shown why their positions are aligned with NCM and why they should be able to adopt NCM's factual and legal analysis in its entirety.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement only needs to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, – U.S. –, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). The Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

    C.    <u>Federal Rules of Civil Procedure 12(f)</u>

Rule 12(f) of Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and "[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

III.   DISCUSSION

   A.   Local Rule 7-9 and 7-12

Pursuant to Local Rule 7-9, Plaintiff's deadline to file an opposition was November 17, 2008, fourteen days before the December 1, 2008 hearing date. Plaintiff failed to comply with the deadline by submitting his Opposition on November 25, 2008. On that basis alone, the Court could grant NCM's Motions. *See* Local R. 7-12. However, the Court will reach the merits of the Motions.

   B.   Motion to Dismiss Pursuant to Rule 12(b)(6)

      1.   First Cause of Action: Quiet Title

Plaintiff's first cause of action for quiet title is based on the allegation that NCM has an adverse interest in Plaintiff's property. NCM contends that Plaintiff has failed to state a claim because NCM does not have an interest in the property at issue.

According to California Code of Civil Procedure section 761.020(c), to state a cause of action for quiet title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." The purpose of the quiet title action is to determine "all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284, 83 Cal. Rptr. 435 (1970) (internal citation omitted).

In the present case, Plaintiff has not stated a cause of action for quiet title against NCM. Plaintiff alleges that NCM is not the owner and holder of the $50,000 loan. *SAVC* ¶ 116. If NCM is not the owner and holder of the loan, then it necessarily follows that it has no adverse claims to the Murrieta property. Thus, Plaintiff has failed to state a cause of action for quiet title.

Therefore, the Court GRANTS NCM's Motion to Dismiss Plaintiff's claim for quiet title, with prejudice.

      2.   Second Cause of Action: TILA Rescission

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

  Plaintiff's second cause of action is based on allegations that NCM violated TILA by failing to provide Plaintiff with two copies of the Notice of the Right to Cancel in a form that he could keep and failing to disclose the identity of the true creditor. NCM contends that Plaintiff has failed to state a claim for TILA rescission because NCM no longer holds the loan at issue and thus, is not a proper party to this claim.[3]

  TILA requires the lender to provide material disclosures to the borrower. 15 U.S.C. § 1635(a). If the lender fails to comply with the TILA disclosure requirements, the borrower may rescind the loan within "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Where the loan has been assigned, the consumer still maintains the right to "rescind against an assignee to the full extent it would be able to rescind against the original creditor." *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1458 (D. Haw. 1996); *see* 15 U.S.C. § 1641(c).

  Here, Plaintiff has not stated a cause of action for TILA rescission against NCM. Plaintiff alleges that E*Trade Bank ("E*Trade"), not NCM, is the current owner and holder of $50,000 loan. *SAVC* ¶¶ 116-17. Since the loan has been assigned to E*Trade, the TILA rescission claim against NCM is not proper. Instead, Plaintiff may assert a TILA rescission claim against the assignee, E*Trade. *See Rowland*, 949 F. Supp. at 1458; 15 U.S.C. § 1641(c).

  Therefore, the Court GRANTS NCM's Motion to Dismiss Plaintiff's claim for TILA rescission, with prejudice.

  3.  <u>Third Cause of Action: Breach of Contract</u>

  Plaintiff's third cause of action for breach of contract is based on the allegation that NCM failed to "make a loan." *SAVC* ¶ 150. NCM contends that Plaintiff has failed to state a cause of

---

  [3] NCM also contends Plaintiff's allegations by presenting controverting evidence. NCM attached a copy of the Notice of the Right to Cancel, in which contained Plaintiff's signature and identified NCM as the lender. *See Lamm Decl., Ex.* 2. However, Plaintiff disputes the authenticity of the document in his Opposition. *See Opp.* (Plaintiff did not paginate his Opposition). Since the authenticity of the document is in dispute, the Court will not consider the document presented by NCM on the Motion to Dismiss. *See Branch,* 14 F.3d at 453.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

action for breach of contract and presents evidence controverting Plaintiff's allegation.[4]
The elements for breach of contract are: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages to the plaintiff. *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (1971). Here, Plaintiff has alleged that (1) a loan contract exists between NCM and Plaintiff, (2) Plaintiff made the monthly payments, (3) NCM failed to "make a loan," and (4) Plaintiff suffered damages. *SAVC* ¶¶ 113, 147, 150-51. Accordingly, Plaintiff has stated a claim for breach of contract.

Therefore, the Court DENIES NCM's Motion to Dismiss Plaintiff's claim for breach of contract.

    C.    <u>Motion to Strike Pursuant to Rule 12(f)</u>

        1.    <u>TILA Damages and Attorney's Fees</u>

Plaintiff seeks damages and attorney fees and costs relating to the TILA claim. NCM seeks to strike the words "punitive damages, actual damages, attorney fees and costs" in paragraph 191 of Plaintiff's SAVC. *See Motion to Strike* 3:6-7. The Court finds the Motion moot because Plaintiff has withdrawn his claim for TILA damages and the Court has also dismissed Plaintiff's claim for TILA rescission, with prejudice.

        2.    <u>Breach of Contract</u>

Plaintiff seeks punitive damages and attorney's fees pursuant to the breach of contract claim. NCM requests that the Court strike Plaintiff's the words "punitive damages, actual damages, attorney fees and costs" in paragraph 192 of Plaintiff's SAVC. *See Motion to Strike* 3:8-9.

            a.    <u>Punitive Damages</u>

---

[4] NCM attached a copy of the Promissory Note and Deed of Trust to show that NCM did provide a loan to Plaintiff. *See Lamm Decl., Ex.* 2. However, Plaintiff disputes the authenticity of the documents in his Opposition. *See Opp.* (Plaintiff did not paginate his Opposition). Since the authenticity of the documents is in dispute, the Court will not consider the documents presented by NCM on the Motion to Dismiss. *See Branch,* 14 F.3d 449 at 453.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Punitive damages are not recoverable for breach of contract claims even if the defendant's conduct was "wilful, fraudulent, or malicious." *Myers Building Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 17 Cal. Rptr. 2d 242 (1993). Therefore, the Court GRANTS NCM's Motion to Strike Plaintiff's request for punitive damages.

        b.    <u>Attorney's Fees</u>

Plaintiff also seeks attorney's fees pursuant to his breach of contract claim. However, attorney's fees are not recoverable for breach of contract claims "unless a statute or the agreement of the parties provides otherwise." *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 504, 198 Cal. Rptr. 551 (1998); *see* Cal. Code Civ. P. § 1021. In addition, a *pro se* litigant who is not an attorney is generally not entitled to attorney's fees. *See Trope v. Katz*, 11 Cal. 4th 274, 284, 45 Cal. Rptr. 2d 241 (1995).

Here, Plaintiff has not pleaded facts showing that he is entitled to attorney's fees for his breach of contract claim. Further, an award of attorney's fees and costs would be improper since Plaintiff is representing himself. Therefore, the Court GRANTS NCM's Motion to Strike "punitive damages" and "attorney fees" in paragraph 192 of the SAVC.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court

1. GRANTS NCM's Motion to Dismiss Plaintiff's first cause of action for quiet title, with prejudice;

2. GRANTS NCM's Motion to Dismiss Plaintiff's second cause of action for TILA rescission, with prejudice;

3. DENIES NCM's Motion to Dismiss Plaintiff's third cause of action for breach of contract;

4. deems Moot NCM's Motion to Strike "punitive damages, actual damages, attorney fees and costs" on ¶ 191 of the SAVC; and

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**40/43/48/49/51**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

    5.    GRANTS NCM's Motion to Strike "punitive damages" and "attorney fees" in paragraph 192 of the SAVC.


**IT IS SO ORDERED.**