O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

44/48

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order on Defendant CLC's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.     BACKGROUND

William Boles ("Plaintiff") is the owner of the property located at 26740 Kingwood Road in Murrieta, California. *Second Amended Verified Complaint* ("SAVC") ¶ 30. Plaintiff alleges that on July 7, 2006, he entered into a mortgage transaction with National City Mortgage ("NCM"), the "second lender," in the amount of $50,000. *Id.* at ¶¶ 22 & 88. Plaintiff alleges that NCM "failed to provide two copies of Notice of Right to Cancel in a form that Plaintiff could keep" and "failed to disclose the true identity of the creditor at closing" as required by the Truth in Lending Act ("TILA"). *Id.* at ¶¶ 111 & 136. Plaintiff also alleges that Defendant CLC Consumer Services Co. ("CLC") is the second loan servicer[1] and failed to respond to Plaintiff's written inquiries about his account within 60 days as required by the Real Estate Settlement Procedures Act ("RESPA"). *Id.* at ¶¶ 27 & 180.

On October 17, 2008, Plaintiff filed his SAVC, asserting three causes of action against CLC for quiet title, violation of TILA, and violation of RESPA.[2] *Id.* at ¶¶ 190-91 & 194. On

---

[1] CLC's involvement is confined to the servicing of the second loan only. *SAVC* ¶ 27.

[2] CLC is not a party to the third, fourth, sixth, and seventh causes of action for breach of contract, breach of fiduciary duty, nuisance/wrongful foreclosure, and violations of the Fair Debt

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

44/48

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

November 4, 2008, CLC filed the instant Motion, requesting that the Court dismiss all three causes of action on the ground that Plaintiff has failed to state a claim upon which relief can be granted.[3]  Plaintiff filed an untimely Opposition on November 25, 2008.

II.     Legal Standard

        A.      Local Rules

        Local Rule 7-9 provides that an opposing party may file an opposition "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances . . . ."  Local Rule 7-12 provides that failure to file an opposition may be "deemed consent to the granting . . . of the motion."  These rules apply to all litigants, including those proceeding *pro se*, and district courts have discretion to dismiss an action for failure to comply with the local rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

        B.      Federal Rules of Civil Procedure

        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the claimant fails to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Courts must also construe all reasonable inferences in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

        In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the

---

Collection Practices Act, respectively.

        [3]  On November 14, 2008, Defendants American Home Mortgage Servicing, Inc. ("American Mortgage") and Option One Mortgage Corp. ("Option One") filed their Motions to Join CLC's Motion to Dismiss.  The Court DENIES their Motions because they have not shown why their positions are aligned with CLC and why they should be able to adopt CLC's factual and legal analysis in its entirety.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**44/48**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement only needs to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, – U.S. –, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). The Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

### III.   DISCUSSION

#### A.   Local Rule 7-9 and 7-12

Pursuant to Local Rule 7-9, Plaintiff's deadline to file an opposition was November 17, 2008, fourteen days before the December 1, 2008 hearing date. Plaintiff failed to comply with the deadline by submitting his Opposition on November 25, 2008. On this basis alone, the Court could grant CLC's Motion. *See* Local R. 7-12. However, the Court will reach the merits of the Motion.

#### B.   Motion to Dismiss Pursuant to Rule 12(b)(6)

##### 1.   First Cause of Action: Quiet Title

Plaintiff first cause of action for quiet title is based on the allegation that CLC has an adverse interest in Plaintiff's property. CLC contends that Plaintiff has failed to state a claim because CLC does not have an interest in the property at issue.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

44/48

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Pursuant to California Code of Civil Procedure section 761.020(c), in order to state a cause of action for quiet title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." The purpose of the quiet title action is to determine "all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284, 83 Cal. Rptr. 435 (1970) (internal citation omitted).

In the present case, CLC avers that it is a servicer who has no interest in the property at issue. *Mot.* 6:23. This fact is supported by Plaintiff's allegation that CLC is a servicer for the second loan. *SAVC* ¶ 27. Since CLC has no interest in the property, it necessarily follows that it has no adverse claims to Plaintiff's Murrieta property. Accordingly, this Court finds that Plaintiff has failed to state a cause of action for quiet title pursuant to California Code of Civil Procedure section 761.020(c).

Therefore, the Court GRANTS CLC's Motion to Dismiss Plaintiff's claim for quiet title, with prejudice.

        2.        <u>Second Cause of Action: TILA Rescission</u>

Plaintiff's second cause of action is based on CLC's purported violation of TILA. CLC contends that Plaintiff failed to state a claim because CLC is not a "creditor" pursuant to TILA.

The relevant TILA provision, 15 U.S.C. § 1638(a)(1), provides that "the creditor shall disclose . . . [t]he identity of the creditor . . . ." Section 1635(a) defines a creditor as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1635(a).

By Plaintiff's own admission, CLC is solely a servicer who serviced Plaintiff's second loan. *SAVC* ¶ 27. Plaintiff alleges that National City Mortgage, not CLC, extended consumer credit to him. *Id.* at ¶¶ 22 & 88. Since Plaintiff has alleged no facts to support a determination

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**44/48**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

that CLC comes within the statutory definition of "creditor" under TILA, this Court finds that CLC is not subject to the disclosure requirements of TILA. Consequently, Plaintiff cannot sustain his rescission claim under TILA against CLC.

Therefore, the Court GRANTS CLC's Motion to Dismiss Plaintiff's TILA rescission claim, with prejudice.

3. <u>Fifth Cause of Action: RESPA Violation</u>

Plaintiff's fifth cause of action is based on the allegation that CLC violated RESPA by failing to respond to Plaintiff's written inquiries concerning his account within 60 days. CLC contends that Plaintiff has failed to state a claim because Plaintiff did not adequately plead that he submitted "qualified written requests" under the statute.

Under RESPA, 12 U.S.C. § 2605(e)(1)(A), "if a servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . ." In addition, the service must respond to the written inquiry no later than 60 days. 12 U.S.C. § 2605(e)(2). A qualified written request is defined as "a correspondence . . . that (i) [] enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer . . . ." 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiff has not pled sufficient facts to establish his claim. Plaintiff alleges that he has provided "qualified written letters" to CLC and that the written letters included his "name and account number, and provided sufficient detail to the servicer regarding information sought by Plaintiff." *SAVC* ¶¶ 179-80. But Plaintiff's allegations merely constitute a "formulaic recitation" of the statutory language that fail to provide specific facts, such as the "sufficient detail" his letters allegedly provided regarding his account. *See* 12 U.S.C. § 2605(e)(1)(B); *Bell Atl. Corp.*, 127 S. Ct. at 1965. Consequently, Plaintiff has failed to establish a claim under RESPA.

Therefore, the Court GRANTS CLC's Motion to Dismiss Plaintiff's RESPA claim, with leave to amend.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**44/48**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

IV.    CONCLUSION

For the foregoing reasons, the Court

1. GRANTS CLC's Motion to Dismiss the first cause of action for quiet title and the second cause of action for TILA rescission, with prejudice; and

2. GRANTS CLC's Motion to Dismiss the fifth cause of action for RESPA violation, with leave to amend.

**Plaintiff may file a Third Amended Complaint within twenty-one (21) days from the date of entry of this order.**


**IT IS SO ORDERED.**