O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

45/47/50/52

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present       Not Present

**Proceedings:**   (In Chambers) Order on Defendant E*Trade's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.   BACKGROUND

William Boles ("Plaintiff") is the owner of the property located at 26740 Kingwood Road in Murrieta, California. *Second Amended Verified Complaint* ("SAVC") ¶ 30. Plaintiff alleges that on July 7, 2006, he entered into a mortgage transaction with National City Mortgage ("NCM"), the "second lender," in the amount of $50,000. *Id.* at ¶¶ 22 & 88. Plaintiff alleges that NCM "failed to provide two copies of Notice of Right to Cancel in a form that Plaintiff could keep" and "failed to disclose the true identity of the creditor at closing" as required by the Truth in Lending Act ("TILA"). *Id.* at ¶¶ 111 & 136.

Plaintiff filed a lawsuit against E*Trade Bank ("E*Trade") because E*Trade is allegedly now the holder of the second loan. *Id.* at ¶ 25. On October 17, 2008, Plaintiff filed his SAVC, asserting two causes of action against E*Trade for quiet title and violation of TILA.[1] *Id.* at ¶¶ 190-92. On November 4, 2008, E*Trade filed its Motion to Dismiss Plaintiff's SAVC and its

---

[1] E*Trade is not a party to the third, fourth, fifth, sixth, and seventh causes of action for breach of contract, breach of fiduciary duty, violations of the Real Estate Settlement Procedures Act, nuisance/wrongful foreclosure, and violations of the Fair Debt Collection Practices Act, respectively.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

45/47/50/52

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Motion to Strike Portions of Plaintiff's SAVC.[2] Plaintiff filed an untimely Opposition on November 25, 2008.

II.     Legal Standard

    A.     Local Rules

Local Rule 7-9 provides that an opposing party may file an opposition "not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances . . . ." Local Rule 7-12 provides that failure to file an opposition may be "deemed consent to the granting . . . of the motion." These rules apply to all litigants, including those proceeding *pro se*, and district courts have discretion to dismiss an action for failure to comply with the local rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

    B.     Federal Rules of Civil Procedure

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the claimant fails to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement only

---

[2] On November 14, 2008, Defendants Merscorp, Inc. ("Merscorp") and Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic") filed a Motion to Join E*Trade's Motion to Strike and Defendants American Home Mortgage Servicing, Inc. ("American Mortgage") and Option One Mortgage Corp. ("Option One") filed their Motions to Join E*Trade's Motion to Dismiss and Motion to Strike. The Court DENIES their Motions to Join because they have not shown why their positions are aligned with E*Trade and why they should be able to adopt E*Trade's factual and legal analysis in its entirety.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

45/47/50/52

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

needs to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, – U.S. –, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

    C.    <u>Federal Rules of Civil Procedure 12(f)</u>

Rule 12(f) of Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and "[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

III.    <u>DISCUSSION</u>

    A.    <u>Local Rule 7-9 and 7-12</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

45/47/50/52

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Pursuant to Local Rule 7-9, Plaintiff's deadline to file an opposition was November 24, 2008, fourteen days before the December 8, 2008 hearing date. Plaintiff failed to comply with the deadline by submitting his Opposition on November 25, 2008. On that basis alone, the Court could grant E*Trade's Motions. *See* Local R. 7-12. However, the Court will reach the merits of the Motions.

    B.    <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

        1.    <u>First Cause of Action: Quiet Title</u>

Plaintiff's first cause of action for quiet title is based on the allegation that E*Trade's security interest in the property is void because Plaintiff is entitled to rescind the loan based on NCM's purported TILA violation. E*Trade contends that Plaintiff has failed to state a claim for quiet title because Plaintiff has not alleged sufficient facts to establish the claim.

Pursuant to California Code of Civil Procedure section 761.020(b), to state a cause of action for quiet title, a plaintiff must allege "[t]he title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . . [T]he complaints shall allege the specific facts constituting the [allegation]."

In the present case, Plaintiff has stated a cause of action for quiet title against E*Trade. Plaintiff alleges that E*Trade's purported security interest in the property at issue is void because he is entitled to rescission under TILA. *SAVC* ¶ 132. Consequently, Plaintiff alleges that E*Trade has an adverse interest in the property and Plaintiff seeks to quiet title. *SAVC* ¶¶ 132 & 134. Although Plaintiff's SAVC is not artfully pleaded, under the less stringent *pro se* standard, Plaintiff has alleged sufficient facts for the quiet title claim. *See Estelle*, 429 U.S. at 1006. Thus, as pled, Plaintiff has provided E*Trade notice of the basis for his claim.

Therefore, the Court DENIES E*Trade's Motion to Dismiss Plaintiff's claim for quiet title.

        2.    <u>Second Cause of Action: TILA Rescission</u>

Plaintiff's second cause of action is based on the allegations that NCM violated TILA by failing to provide Plaintiff with two copies of the Notice of the Right to Cancel in a form that he could keep and failing to disclose the identity of the true creditor. E*Trade contends that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

45/47/50/52

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

Plaintiff has failed to state a claim for TILA rescission because he failed to plead sufficient facts showing that he is entitled to TILA rescission.

TILA requires the lender to provide material disclosures to the borrower. 15 U.S.C. § 1635(a). If the lender fails to comply with TILA's disclosure requirements, the borrower may rescind the loan within "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Thus, certain TILA violations entitle the plaintiff to rescind the loan agreement for up to three years, even if the violation is minor or merely technical. *Semar v. Platte Valley Fed. Sav.*, 791 F.2d 699, 704 (9th Cir. 1986). Where the loan has been assigned, the borrower still maintains the right to "rescind against an assignee to the full extent it would be able to rescind against the original creditor." *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1458 (D. Haw. 1996); *See* 15 U.S.C. § 1641(c).

In the present case, Plaintiff has alleged sufficient facts that would entitle him to relief under § 1635(a) by alleging that NCM failed to provide Plaintiff with two copies of the Notice of the Right to Cancel in a form that he could keep and failed to disclose the identity of the true creditor. Since the loan has been assigned to E*Trade, Plaintiff is potentially entitled to rescind against E*Trade. *See Rowland*, 949 F. Supp. at 1458. Although Plaintiff's SAVC is not artfully pleaded, under the less stringent *pro se* standard, Plaintiff has alleged sufficient facts for TILA rescission. *See Estelle*, 429 U.S. at 1006.

Therefore, the Court DENIES E*Trade's Motion to Dismiss Plaintiff's claim for TILA rescission.

C. <u>Motion to Strike Pursuant to Rule 12(f)</u>

Plaintiff seeks damages and attorney fees and costs relating to the TILA claim. E*Trade requests that this Court strike the words "punitive damages, actual damages, attorney fees and costs" in paragraph 191 of the SAVC. *See Mot. to Strike* 3:6-9. The Motion to Strike "punitive damages" and "actual damages" is moot because Plaintiff has withdrawn his claim for TILA damages. Thus, the Court will address only the issue of attorney's fees and costs. Under TILA, a *pro se* litigant who is not an attorney is not entitled to attorney's fees. *Hannon v. Sec. Nat. Bank*, 537 F.2d 327, 329 (9th Cir. 1976). Since Plaintiff is a *pro se* litigant who is not an attorney, an award of attorney's fees and costs would be improper.

Therefore, the Court GRANTS E*Trade's Motion to Strike "attorney fees and costs" in paragraph 191 of Plaintiff's SAVC.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**45/47/50/52**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc., *et al.* | | |

IV.  CONCLUSION

For the foregoing reasons, the Court

1. DENIES E*Trade's Motion to Dismiss in its entirety;

2. deems MOOT E*Trade's Motion to Strike "punitive damages" and "actual damages" in paragraph 191 of Plaintiff's SAVC; and

3. GRANTS E*Trade's Motion to Strike "attorney fees and costs" in paragraph 191 of Plaintiff's SAVC.

**IT IS SO ORDERED.**