O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. MERSCORP, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present          Not Present

**Proceedings:**     **(In Chambers) Order re: Plaintiff's *Ex Parte* Application for Temporary Restraining Order**

This matter is before the Court on Plaintiff's *Ex Parte* Application for Temporary Restraining Order ("Application"). Having considered the papers filed in support of the Application, the Court deems this matter appropriate for resolution without oral argument. L.R. 7-15.

I.   BACKGROUND

Plaintiff William Boles ("Boles") has moved for a temporary restraining order ("TRO") to prevent a trustee's sale of his property on December 15, 2008 by Defendant AHMSI Default Services, Inc. On June 7, 2006, Boles entered into a loan with Defendant American Brokers Conduit LLC ("ABC"). Boles alleges that the loan is now serviced by Defendant American Home Mortgage Servicing, Inc. ("AHMS").

On March 25, 2008, Boles filed claims for: (1) quiet tile; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (3) breach of contract; (4) breach of fiduciary duty; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"); (6) nuisance/wrongful foreclosure; and (7) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. These claims were filed against MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., American Home Mortgage Investment Corp., National City Mortgage, CLC Consumer Services Co., E*Trade Bank, AHMSI Default Services, Inc., T.D. Service Co., Option One Mortgage Corporation, as well as ABC and AHMS (collectively, "Defendants").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. MERSCORP, Inc. | | |

Boles' TILA claim, as asserted against Defendants ABC and AHMS, alleges failure to provide Boles with a Notice of Right to Cancel, as required under TILA. Boles argues that the failure to provide the required disclosure entitles him to rescission of the loan and a release of Defendants' security interest in the property.

II.   LEGAL STANDARD

In order to obtain a temporary restraining order, an applicant must either show (1) that she has a likelihood of success on the merits combined with the possibility of irreparable injury, or (2) that serious questions exist going to the merits and that the balance of hardships tips sharply in her favor. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204–05 (9th Cir. 2000) (stating the test for a preliminary injunction; the standard for a temporary restraining order is identical); *see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal. 1995). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006). Thus, the "greater the relative hardship to the moving party, the less probability of success must be shown." *National Ctr. for Immigrants Rights, Inc. v. Immigration and Naturalization Serv.*, 743 F.2d 1365, 1369 (9th Cir. 1984). "As an 'irreducible minimum,' the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). However, "[u]nder any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." *Id.*

III.   DISCUSSION

A.   Likelihood of Success on the Merits

Boles argues that he was not provided with a copy of the Notice of Right to Cancel, *Second Amended Verified Complaint* ("*SAVC*") ¶ 74, and that this fact alone demonstrates that he has a likelihood of success on the merits. For the reasons that follow, the Court finds Boles' argument unconvincing.

TILA's purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA and its regulations, issued by the Federal

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. MERSCORP, Inc. | | |

Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), contain detailed disclosure requirements for consumer loans. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986).

"TILA's 'buyer's remorse' provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security." *Id.* at 704 (citing 15 U.S.C. § 1635(a)). TILA and Reg Z require the lender to provide two copies of a Notice of Right to Cancel form "stating the specific date on which the three-day rescission period expires." *Id.* at 701 (citing 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(5)); *see also* 12 C.F.R. § 226.23(b)(1). "If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated." *Id.* at 701-02 (citing 15 U.S.C. § 1635(f)).

Boles has submitted a SAVC that states that he did not receive the Notice of Right to Cancel. None of Defendants appear to dispute this. Importantly, though, Boles has failed to show that he will be able to tender the proceeds of the loan, which is generally required for rescission. *See* 12 C.F.R. § 226.23(d)(3) (requiring, as part of rescission, the consumer to tender back any money or property the creditor previously delivered to the consumer).

The Court recognizes that it can exercise its equitable discretion to modify the rescission process to, for example, allow rescission in the absence of a showing that a party can make tender. *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974) (noting that "[i]n deciding whether to condition rescission, the district court should look to the 'equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act'"). However, in this case the Court declines to modify the rescission process.

In *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976), the Ninth Circuit held that "rescission *should* be conditioned on repayment of the amounts advanced by the lender," where "the TILA violations there were not egregious" and "the equities favored the creditor who would otherwise have been left in an unsecured position in the borrower's intervening bankruptcy. *Id.* (emphasis in original) (citing *LaGrone*, 534 F.2d at 1362). Here, Boles essentially asks the Court to force Defendants to release their security interest in the property at his mere demand for rescission. Were the Court to do so, Defendants would be placed in the position of an unsecured creditor for what can only be considered to be a non-egregious, technical violation of TILA. The Court believes that such a result would be inequitable, and the Court exercises its discretion to condition rescission on Boles' ability to show that he can make tender.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | Dec. 12, 2008 |
|---|---|---|---|
| Title | William Boles v. MERSCORP, Inc. | | |

     Boles has not shown that he can make tender.  Accordingly, he has no possibility of success on the merits.  No injunction can issue before a party demonstrates the "irreducible miniumum" of "a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937.

### III.    CONCLUSION

     The Court concludes that Boles has failed to show that he is entitled to a TRO.  Therefore, Boles' Application is DENIED.

     **IT IS SO ORDERED.**

```
Faxed to Pro Se Plaintiff
on 12/12/08
```