O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Denying Plaintiff's Motion for Reconsideration

  Before this Court is Plaintiff's Motion for Reconsideration. The Court heard oral argument on this matter on March 2, 2009. After considering the moving and opposing papers and oral argument, the Court hereby DENIES the Motion.

I.     BACKGROUND

  William Boles ("Plaintiff") is the owner of the property located at 26740 Kingwood Road in Murrieta, California. *Third Amended Verified Complaint* ("TAVC") ¶ 30. Plaintiff alleges that on June 7, 2006, he obtained a home refinance loan from Defendant American Brokers Conduit ("ABC"). After Plaintiff allegedly fell behind in his payments on that loan, Defendant T.D. Service Company, on July 30, 2008, recorded a Notice of Default and Election to Sell Under Deed of Trust against Plaintiff's property.

  On December 15, 2008, Plaintiff filed a Renewed Ex Parte Verified Emergency Application for Temporary Restraining Order ("TRO"), seeking to prevent a trustee's sale of this property, which was to be held on December 15, 2008. The Court, after careful review of the moving papers submitted by Plaintiff, found that the equities were such in this case that it would be appropriate to condition Plaintiff's rescission claim on a showing that Plaintiff had the ability to tender the proceeds of the loan. Consequently, because Plaintiff had not demonstrated an ability to tender, the Court found that Plaintiff had not demonstrated a likelihood of success on the merits and, therefore, denied Plaintiff's application. *See Order re: Plaintiff's Ex Pare Application for Temporary Restraining Order* (Dec. 15, 2009) (*Doc # 75*).

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

Then, on January 13, 2009, Plaintiff filed a motion, which he captioned in the following two ways. First, in bold and centered on the front page of his motion, he stylized this motion as a "Motion for Relief from Order Denying Plaintiff's Renewed Ex Parte Verified Emergency Application for Temporary Restraining Order [F.R.C.P. Rule 60(e)]" (brackets in original). Plaintiff also, however, stylized this motion as a "Motion in the Nature of Re-Application for TRO." Underneath this caption, Plaintiff included the following: "Relief Needed by 5:00 PM Wed. January 14, 2009."

In light of the conflicting captions, the court reviewed the pleading to determine whether it was a motion for reconsideration, as the first caption suggested it was, or an ex parte motion, as the second caption suggested it was. Ultimately, upon review, the Court found that it was appropriate to treat this motion as one for reconsideration.

II.  LEGAL STANDARD

    A.  "Motions for Reconsideration" Under the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure do not expressly recognize a "motion for reconsideration." *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992). Instead such a motion is typically treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") or a motion for relief from judgments or orders under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

The grounds for providing relief under Rule 60(b) are enumerated in the Rule itself. They are as follows:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    B.    <u>Motions for Reconsideration Under the Local Rules</u>

Local Rule 7-18 provides as follows:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

III.    <u>DISCUSSION</u>

    Plaintiff's motion for reconsideration is grounded on two arguments. First, Plaintiff argues that he is entitled to relief from the December 15 order in which the Court denied his renewed application for TRO ("December 15 Order") because he has the ability to make tender. Second, he contends that the Court has misinterpreted and misapplied the rules governing rescission under TILA. The Court will address both of these arguments within the purview of both Rule 60(b) and the Local Rules.[1]

---

[1] The Court initially deemed this motion to be one brought solely under Local Rule 7-18. *See Plaintiff's Motion in the Nature of Re-Application for TRO* (Jan. 16, 2009). That conclusion was, however, in error. The caption on Plaintiff's motion ("Rule 60(e)") and the fact that he moves for relief "for '*the other reasons*' that (1) Plaintiff has the ability to make tender, and (2) this Court has misinterpreted the Truth in Lending Act in requiring proof of tender as a prerequisite to rescission" evidence his intent to also move for relief under the Federal Rules. *See* Fed. R. Civ. P. 60(b)(6)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

    A.    <u>Whether Reconsideration is Warranted Under Local Rule 7-18</u>

    The Court first considers whether reconsideration is appropriate under the Local Rules. Under Local Rule 7-18, a motion for reconsideration may be made on only three grounds. First, reconsideration may be warranted if there is "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." L.R. 7-18. This ground is not applicable here as Plaintiff does not point the Court to any material difference in fact or law that was not known to him at the time the Court issued the December 15 Order. Second, reconsideration may be warranted if there is "a manifest showing of a failure to consider material facts presented to the Court before such decision." *Id.* Again, Plaintiff does not point the Court to any material facts which the Court did not consider before entering the decision at issue. Accordingly, Plaintiff may not avail himself of this ground for relief. Third, and lastly, reconsideration may be warranted if there has been the "emergence of new material facts or a change of law occurring after the time of such decision." *Id.* This is the only ground which might apply in this case. Nonetheless, for the reasons explained below, reconsideration is inappropriate under the present circumstances.

    In its December 15 Order, the Court noted that Plaintiff essentially asks the Court to force Defendants to release their security interest in the property at his mere demand for rescission. But, as the Court noted, were it to do so, Defendants would be placed in the position of an unsecured creditor for what can only be considered to be a non-egregious, technical violation of TILA. Rather than allow such an inequitable result, the Court exercised its discretion to condition rescission on Plaintiff's ability to show that he can make tender.

    Presently, Plaintiff claims that he has the ability to tender. As evidence of this ability, Plaintiff cites to his TAVC, which states, "Plaintiff has the ability to tender the loan proceeds of $470,000 to American Brokers Conduit LLC . . . ." *TAVC*, ¶ 142. However, Plaintiff has failed to provide any documentation to support this statement. Granted, Plaintiff does testify to this fact under penalty of perjury. However, where such a large amount of money is at stake, the

---

(providing that relief may be appropriate for "any other reason that justifies relief"). Ultimately, though, this error was harmless. Defendant prudently addressed Plaintiff's motion as one brought under both the Federal Rules of Civil Procedure and the Local Rules. Thus, because both sides have fully and adequately briefed the issues present in the motion, that the Court initially incorrectly characterized Plaintiff's motion is of no moment.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

Court requires more than a verified amended complaint to establish an ability to tender. This is particularly true in the particular posture present here. At oral argument, Plaintiff admitted that he did not presently have the approximately $500,000 at his disposal. He did, however, attempt to convince the Court that he would likely be able to obtain the money. Nonetheless, in light of the extraordinary nature of TROs, *see Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989), the Court finds that Plaintiff's unsubstantiated claims are insufficient to persuade the Court that it should reconsider its decision.

In summary, the facts are the same now as they were when the Court issued the December 15 Order. As Plaintiff has not shown the "emergence of new material facts or a change of law occurring after the time of such decision," L.R. 7-18, it follows that reconsideration is not warranted under the Local Rules.

> B. <u>Whether Reconsideration is Warranted Under Federal Rule of Civil Procedure 60(b)</u>

Next the Court considers whether to grant relief under Rule 60(b). Rule 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

What is clear from the outset is that Rule 60(b)(4) and (5) do not apply in this instance. Both of those grounds for relief are only available when a judgment has been entered in a case. As no judgment has been issued in this matter,[2] relief under Rule 60(b)(4) and (5) is not available to Plaintiff.

The present posture of the case is also a sufficient reason to decline relief under Rule 60(b)(2). That ground for relief presupposes that a trial has taken place. Here, however, the case has yet to proceed past the Rule 12 stage. Accordingly, Plaintiff must pursue relief under a different ground.

In theory, relief under Rules 60(b)(1) and (3) might be available to Plaintiff. However, he has not demonstrated, much less even argued, that the Court should relieve him from the December 15 Order because of "mistake, inadvertence, surprise, or excusable neglect" or "fraud." *See* Fed. R. Civ. Proc 60(b)(1), (3). Accordingly, the Court finds it inappropriate to grant relief on this ground.

The only remaining ground for relief is Rule 60(b)(6), the so-called "catch-all" category that is typically reserved for extraordinary circumstances, such as to prevent "manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998). Plaintiff argues that his case falls within this category for two reasons. First, he has the ability to tender. Second, the Court misinterpreted and misapplied the law in two different instances.

Plaintiff's first argument can be rejected for the simple reason that, as discussed above, he has not adequately demonstrated that he can in fact tender. Accordingly, manifest injustice will not occur if Plaintiff is not relieved from the December 15 Order because he has yet to prove that he is legally entitled to rescission. Plaintiff's second argument is equally unpersuasive. Even assuming arguendo that a misinterpretation and misapplication of law is a reason to justify Rule

---

[2] A judgment is "[a] court's *final* determination of the rights and obligations of the parties in a case." *Black's Dictionary* 858 (8th ed. 2004) (emphasis added). The Court has yet to issue a final determination of the rights and obligations of the parties in a case.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

60(b)(6) relief,[3] as is explained in more detail below, the Court did not misinterpret or misapply the law in this case. Accordingly, Plaintiff may not avail himself of Rule 60(b)(6).

      Plaintiff claims the Court misinterpreted and misapplied the law in two different instances. The first instance that the Plaintiff speaks of is the Court's ruling in relation to the rules governing rescission. Plaintiff argues that the Court may not condition rescission under TILA on his ability to tender because the tender requirement was abolished by TILA. In support of his position, Plaintiff points to *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974). However, Plaintiff misinterprets the state of the law. While it is true that TILA reorders common law rules governing rescission, *see Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1140-41 (11th Cir. 1992), Plaintiff is mistaken in his belief that a court may never condition rescission on a borrower's tender. In 1980, TILA was amended by the Simplification and Reform Act, which added the following to 15 U.S.C. § 1635(b), the provision that governs rescission under TILA: "[T]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." *See* The Truth in Lending Simplification and Reform Act, Pub.L. No. 96-221, tit. VI, § 612(a)(4), 94 Stat. 168, 175 (1980) (codified as amended at 15 U.S.C. § 1635(b)). This amendment tracked the trend in the majority of courts, which had, prior to the amendment, permitted judicial modification of the statutory rescission process. *Williams*, 968 F.2d at 1140. Furthermore, the Ninth Circuit itself has consistently recognized that in applying TILA, "a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender." *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003); *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975). Thus, contrary to Plaintiff's arguments otherwise, a court may, at its discretion, modify the statutory rescission process to require a borrower to demonstrate an ability to tender before ordering the rescission. In this case, that is exactly what the Court did. After careful review of "the equities present in [this] particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act," *Palmer*, 502 F.2d at 862, this Court determined that it was appropriate to condition rescission on a showing that Plaintiff was in fact able to tender.

---

[3] Ordinarily, to receive Rule 60(b)(6) relief, a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The Court assumes, without directly holding, that a misapplication of law falls within these parameters.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

The second instance that Plaintiff references has to do with the Court's refusal to automatically void Defendants' security interest in the property at issue. Specifically, plaintiff argues that the Court erred because it may not "modify" the voidness of the security interest. Plaintiff appears to believe that once he tendered his notice of rescission to Defendants, the security interest became void and subsequently triggered the sequence of events laid out in subsections (d)(2) and (d)(3) of 12 CFR 226.23. However, once again, Plaintiff's argument is inconsistent with the current state of the law. The Ninth Circuit has clarified: Under TILA and Regulation Z, "the security interest 'becomes void' only when the consumer 'rescinds' the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor." *Yamamoto*, 329 F.3d at 1172. This is a contested case. Accordingly, the security interest did not automatically become void once Plaintiff tendered his notice of rescission to Defendant.

In summary, contrary to Plaintiff's arguments otherwise, the Court did not misinterpret or misapply the law. As Plaintiff has failed to demonstrate that "any other reason" justifies relief, Fed. R. Civ. P. 60(b), the Court DENIES Plaintiff's motion to set aside the December 15 Order under Rule 60(b).

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**