O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part the Motion to Dismiss for Failure to State a Claim Filed By Defendants Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., American Home Mortgage Servicing, Inc., AHMSI Default Services, Inc., and Option One Mortgage Corporation

   Pending before this Court is the Motion to Dismiss for Failure to State a Claim filed by Defendants Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., American Home Mortgage Servicing, Inc., AHMSI Default Services, Inc., and Option One Mortgage Corporation. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

I.   BACKGROUND

   This action arises out of a loan William Boles ("Plaintiff") obtained during the summer of 2006. The basic facts are as follows.

   Plaintiff is the owner of the property located at 26740 Kingwood Road in Murrieta, California. On June 7, 2006, Plaintiff obtained a home refinance loan in the amount of $470,000 from Defendant American Brokers Conduit ("ABC"), which is allegedly owned by Defendant American Home Mortgage Investment Corporation ("AHMIC"). Plaintiff secured this loan by a deed of trust, which named ABC as the lender, United Title Company as trustee, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and beneficiary under the instrument. *See Mot.*, *Ex.* D (deed of trust). Defendant Merscorp, Inc.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

("Merscorp") allegedly owns MERS.  Also, American Home Mortgage Servicing, Inc. ("AHMSI") is the servicer of this loan.

On July 30, 2008, Defendant T.D. Service Company ("T.D. Service"), an agent for the new trustee, Defendant AHMSI Default Services, Inc. ("AHMSI Default"),[1] recorded a Notice of Default and Election to Sell Under Deed of Trust (the "Notice").  According to the Notice, Plaintiff was $11,033.63 in arrears on the loan.  The Notice also informed Plaintiff that MERS had delivered to AHMSI Default a written Declaration of Default and Demand for Sale.

Plaintiff, on January 2, 2009, filed his Third Amended Verified Complaint ("TAVC"). Presently, MERS, Merscorp, AHMSI, AHMSI Default, and Option One (collectively, "Defendants") have moved to dismiss the TAVC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2]

II.     LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

---

[1] AHMSI Default was substituted as trustee on September 30, 2008.  *See Plaintiff's Declaration in Support of Plaintiff's Verified Reply, Ex. B.* (Doc # 117).

[2] Defendants also move for summary judgment under Federal Rule of Civil Procedure 56. However, Defendants have not properly presented that motion to the Court.  *See Standing Order* at pp. 6-8.  Because Defendants have not complied with the Court's summary judgment procedures, the Court denies Defendants' motion for summary judgment, without prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. A document, however, may be considered only if it is alleged in the complaint, and its authenticity is not questioned. *See id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). The Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III. DISCUSSION

Defendants move under Rule 12(b)(6) to dismiss six of the claims asserted against them.

A. Second Cause of Action: TILA Rescission

The Court begins its analysis with Plaintiff's second cause of action, which asserts a rescission claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., against AHMSI.[3] Defendants essentially make two arguments as to why this claim fails. As the first argument is dispositive of this claim, the Court confines the following analysis to that argument.

It is Defendants' position that this claim should be dismissed because AHMSI is not a "creditor" within the meaning of TILA.[4] The Court agrees. Plaintiff's TILA claim is based on allegations that certain defendants (namely, AHMIC, ABC, and AHMSI) failed to disclose (1)

---

[3]This claim is also asserted against NCM, who has not joined this motion, as well as AHMIC and ABC, both of whom have yet to be served in this action. The Court confines the following analysis to those defendants whom presently move for dismissal.

[4] Defendants also argue that this claim should be dismissed against Option One because, like AHMSI, it is also not a "creditor" within the meaning of TILA. However, as the TILA claim is not asserted against Option One, the Court finds it unnecessary to address this facet of the argument.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

the identity of the creditor at closing; (2) a copy of the Notice of Right to Cancel; and, (3) the last date on which Plaintiff could cancel his loan. Even assuming this is true, what Plaintiff fails to appreciate is that only "creditors" are subject to these particular disclosure requirements. *See* 15 U.S.C. § 1635 ("The creditor shall clearly and conspicuously disclose . . . to any obligor in a transaction subject to this section the rights of the obligor under this section."); 15 U.S.C. § 1638(a)(1) (providing that "creditors" have a duty to disclose "[t]he identity of the creditor" to the consumer in a consumer credit transaction); 15 U.S.C. § 1638(a)(1); 12 C.F.R. 226.15 ("In any transaction or occurrence subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind[.]").

TILA defines a creditor as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). By Plaintiff's own admission, AHMSI is not a creditor of the loan, but a servicer of it. *TAVC* ¶ 20. Moreover, Plaintiff alleges that AHMIC and ABC, not AHMSI, extended consumer credit to him. *Id.* at ¶ 16 (indicating that AHMIC and ABC are the "First Lender"). Since Plaintiff has alleged no facts that demonstrate, much less suggest, that AHMSI comes within the statutory definition of "creditor" under TILA, this Court finds that AHMSI is not subject to those specific disclosure requirements that Plaintiff now complains were violated. Therefore, the Court GRANTS the Motion to Dismiss Plaintiff's TILA rescission claim with prejudice.[5]

      B.      <u>First Cause of Action: Quiet Title</u>

---

[5] Plaintiff has had numerous times to amend his complaint. In fact, Plaintiff is now on at least his fourth iteration of the complaint. However, Plaintiff has yet to even come close to asserting a TILA rescission claim against AHMSI, despite receiving ample guidance from the Court on numerous occasions on how to properly plead this cause of action. This confirms the Court's suspicion that there is no factual basis for this claim. Thus, since further amendment would be futile, dismissal with prejudice is proper. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

Next the Court considers whether Plaintiff adequately states a quiet title claim against each of the moving defendants. Defendants argue that this claim should be dismissed as it is asserted against AHMSI and Option One because they have no claim adverse to Plaintiff's title. Defendants also argue that this claim should be dismissed against the remaining moving defendants because Plaintiff's rescission claim under TILA fails. Each of these arguments is addressed in turn.

In order to state a cause of action for quiet title under California Code of Civil Procedure section 761.020(c), a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." The purpose of the quiet title action is to determine "all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284, 83 Cal. Rptr. 435 (1970) (internal citation omitted). In the present case, AHMSI and Option One aver that they are, and have acted only as, servicers of Plaintiff's loan. This fact is not disputed by Plaintiff and, in fact, is supported by allegations in the TAVC. *See TAVC* ¶ 20 ("Defendant American Home Mortgage Servicing, Inc. . . . is acting as servicer for the First Loan."); *see also id.* at ¶ 29-3 (alleging that Option One is a subsidiary of AHMSI). Since AHMSI and Option One have no interest in the property, it necessarily follows that they have no adverse claims to the property. Accordingly, this Court finds that Plaintiff has failed to state a cause of action for quiet title against AHMSI and Option One. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for quiet title, with prejudice, insofar as it is asserted against AHMSI and Option One.

Defendants also argue that this claim should be dismissed against the remaining moving defendants (MERS, Merscorp, and AHMSI Default) because Plaintiff has failed to adequately state a claim for rescission under TILA. In support of this position, Defendant cite to *Ephraim v. Metro. Trust Co.*, 28 Cal. 2d 824 (1946), in which the California Supreme Court explained that when a complaint states two counts, "one to quiet title to real property and the other, as incidental to the first count, to have declared void an instrument under which particular defendants assert title," the complaint actually states only one cause of action. *Id.* at 833. Relying on this proposition of law, Defendants argue that since Plaintiff's first cause of action to quiet title and his second cause of action for rescission are essentially two ways of pleading the same claim, the dismissal of Plaintiff's second cause of action necessitates the dismissal of the first cause of action. However, the Court disagrees.

Under *Ephraim*, dismissal of the incidental claim compels dismissal of the other claim only when the two are based upon the exact same facts. *Id.* Now it is true that Plaintiff's first

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

cause of action turns (in part) on the same set of facts as his second cause of action–that set of facts being that because Defendants' failed to comply with TILA, he can rescind. But what Defendants neglect to realize is that the factual basis of Plaintiff's first cause of action expands beyond these facts. Indeed, Plaintiff also bases this cause of action on his belief that those entities that are identified as the First Lender (i.e., AHMIC and ABC) are not in fact the "true" lender. *See TAVC* ¶ 133 ("Defendants are not the owners or holders of any promissory note encumbering the homestead."); *see also* ¶ 136 ("The First and Second Lenders failed to disclose the true identity of the creditor at closing[.]"). Thus, the fact that Plaintiff cannot proceed on his second count (his TILA claim) does not necessarily mean that he cannot succeed on his quiet title claim. Put otherwise, because different facts underlie the two claims at issue here, the Court finds that Defendants' reliance on *Ephraim* is misplaced.

To state a claim for quiet title, one need only allege that he is the owner of certain described real property that defendants claim an adverse interest in. Cal. Civ. Code § 761.020(b). That is exactly what Plaintiff has done here. By instituting foreclosure proceedings against Plaintiff pursuant to the deed of trust, certain defendants have evidenced their adverse interest in the property. Assuming that Plaintiff is correct in his belief that they had no right to do so because the First Lender is not the true holder of the loan,[6] then it follows that an action for quiet title is indeed appropriate. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's quiet title claim insofar as it is asserted against MERS, Merscorp, and AHMSI Default.

      C.    <u>Plaintiff's Fourth Cause of Action: Breach of Fiduciary Duty</u>

Plaintiff's fourth cause of action asserts a claim for breach of fiduciary duty against MERS and Merscorp for failing to disclose the identity of the lender of the first loan. Defendants argue that because no such duty exists between MERS and Merscorp, on the one hand, and Plaintiff, on the other, the claim should be dismissed under Rule 12(b)(6). Upon review, the Court finds that dismissal is indeed appropriate.

---

[6]Due to the posture of this case, the Court must assume that this alleged fact is true. *Leatherman*, 507 U.S. at 164. However, the Court feels that an aside is warranted. Plaintiff makes this allegation based on "information and belief." In light of Plaintiff's pro se status, the Court feels compelled to advise him that one may make a representation to the Court based on information and belief only if "after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation and discovery." Fed. R. Civ. P. 11(b). Violations of Rule 11(b) may result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(c).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

Generally, the lender-borrower relationship is not a fiduciary relationship. *See Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476, 261 Cal. Rptr. 735 (1989); *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal. App. 3d 726, 731, 260 Cal. Rptr. 793 (1989). Indeed, unless a lender's involvement in a loan transaction exceeds the scope of its conventional role as a mere lender of money, a fiduciary duty will not be imposed upon the lender. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991). Or, as another California court put it, liability for breach of a fiduciary duty will only arise when the lender "'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35, 161 Cal. Rptr. 516 (1980).

Based on the facts alleged in the TAVC, there is no indication that the lender at hand exceeded its conventional role as a mere lender of money. In fact, the allegations are to the contrary. From the face of the TAVC, ABC and AHMSI (the alleged "First Lender") always and only acted as the lender. Granted, they allegedly engaged in a variety of improper acts while lending money to Plaintiff. However, those acts of impropriety all occurred within the conventional role as a lender of money. Accordingly, as there are no facts alleged that indicate, much less suggest, that Defendants ever "'actively participate[d]' in the financed enterprise 'beyond the domain of the usual money lender,'" *Wagner*, 101 Cal. App. 3d at 35, the Court finds that no fiduciary duty existed between the First Lender and Plaintiff.

Since no fiduciary duty existed between the First Lender and Plaintiff, it follows that no fiduciary duty existed between MERS and Merscorp, on the one hand, and Plaintiff, on the other. MERS and Merscorp are agents of the First Lender in this transaction. Since the Lender did not owe Plaintiff a fiduciary duty, it follows that MERS and Merscorp did also not owe Plaintiff a fiduciary duty. *See Petersen v. Lyders*, 139 Cal. App. 303, 305 (1934); *Rest. 3d Agency* § 3.15 & *cmt. d*. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's fourth cause of action, with prejudice.[7]

      D.    <u>Plaintiff's Fifth Cause of Action: RESPA</u>

The Court next considers Plaintiff's fifth cause of action, which asserts violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601-17, against AHMSI. This cause of action is based on allegations that (1) the First Lender paid a "Premium Yield Adjustment" in violation of the anti-kickback provisions of RESPA, *see* 12 U.S.C. § 2607(a); (2) MERS members violated the same anti-kickback provisions by kicking back to MERS a $3.95

---

[7] This dismissal is with prejudice for the same reasons stated above. *See supra* note 5.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#103/106/110**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

registration fee, *see id.*; and, (3) these defendants split certain charges in violation of RESPA. *See id.* at § 2607(b). Defendants argue that this cause of action is time-barred. And indeed it is.

The statute of limitations for private plaintiffs suing for an alleged violation of 12 U.S.C. § 2607 is one year. *See* 12 U.S.C. § 2614; *see also Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358 (5th Cir. 2003). Ordinarily, the limitations period begins to run on the date the transaction is consummated. *Cf. Snow*, 332 F.3d at 358. In this case, the transaction at issue was consummated on June 7, 2006. Plaintiff did not, however, file his original complaint until March 25, 2008. Accordingly, as more than one year had passed by the time Plaintiff filed his suit, this cause of action is time-barred. Therefore, the Court GRANTS Defendants' motion to dismiss, with prejudice. *See Rutman Wine Co.,* 829 F.2d at 738.

    E.    Plaintiff's Sixth Cause of Action: Wrongful Foreclosure/Nuisance

Plaintiff's sixth cause of action is captioned as "wrongful foreclosure/nuisance" and is asserted against MERS, Merscrorp, AHMSI Default, T.D. Service, and Option One. Although stylized as one cause of action, it appears that this cause of action actually contains two claims: wrongful foreclosure and nuisance. Accordingly, the Court analyzes both of these claims individually under Rule 12(b)(6).

    1.    Wrongful Foreclosure

As the California Courts of Appeal made clear in *Munger v. Moore*, 11 Cal. 3d 1, 89 Cal. Rptr. 323 (1970), "a trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." Plaintiff's attempt to set aside the foreclosure sale is fatally flawed for one basic reason–there has been no foreclosure of the property. Thus, this claim is not ripe for review.[8] *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). In order for a claim to be justiciable under Article III of the Constitution, it must be ripe for review. *Id.* Thus, because this claim is not justiciable under Article III of the Constitution, the Court lacks subject matter jurisdiction and the claim must be dismissed. *West Linn Corporate Park LLC v. City of West Linn*, 534 F.3d 1091, 1099 (9th Cir. 2008).

---

[8]Although Defendants did not raise the ripeness issue, the Court may raise it sua sponte because it pertains to subject matter jurisdiction. *Haw. Newspaper Agency v. Bronster*, 103 F.3d 742, 746 (9th Cir. 1996).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

    2.    <u>Nuisance</u>

    Plaintiff also appears to state a claim for nuisance.  *See TAVC* ¶ 182-4 ("Defendants' unauthorized foreclosure attempts prevent Plaintiff's quiet enjoyment of the property, and constitute a nuisance which should be abated." A nuisance is anything that "is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . ."  Cal. Civ. Code § 3479; *see also Griffin v. Northridge*, 67 Cal App 2d 69, 75 (1944) ("That the acts of defendants created a nuisance is established by the proof that the acts committed were of such a nature as to harass and annoy plaintiffs continuously and to interfere with their comfortable enjoyment of life and of their home.").  Defendants make two arguments as to why this cause of action should be dismiss, both of which can be rejected.

    The first argument made by Defendants is that this claim should be dismissed against Option One because the Notice of Default and Election to Sell Under Deed of Trust that was sent to Plaintiff indicates that Option One has not instituted these foreclosure proceedings against Plaintiff.[9]  While it is true that Option One's name cannot be found on the actual Notice of Default, Option One's name can, however, be found on an "Important Notice Regarding Alternatives to Foreclosure" ("Importance Notice") that was attached to the Notice of Default. *See TAVC, Ex. B.*  The "Important Notice Regarding Alternatives to Foreclosure" states that "[t]he foreclosure action will continue until Option One Mortgage Corporation can determine if you are eligible for one of these alternatives and an agreement to utilize that alternative is signed and implemented."  *See id.*  What this language suggests to the Court is that Option One does in fact have a role in the nonjudicial proceedings.  After all, a plain reading of the Important Notice confirms that Option One has at least some authority to stop the foreclosure action. For this reason, the Court rejects Defendants' argument that the Notice of Default readily disposes of this claim as it relates to Option One.

    The second argument made by Defendants is that the claim should be dismissed against all moving defendants because this same Notice of Default evidences the fact that Plaintiff defaulted on his loan and, therefore, the foreclosure proceedings were properly instituted under the terms of the deed of trust.  But such isn't the case.  Granted, the Notice of Default does state that Plaintiff defaulted on the loan.  *See TAVC, Ex. B* (stating that Plaintiff is in arrears in the

---

    [9] This Notice was attached by Plaintiff to his TAVC.  *See TAVC*, *Ex. B*.  Accordingly, the Court can consider it.  *See Branch*, 14 F.3d at 453.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

amount of $11,033.63). However, what Defendants either neglect to realize or ignore is the fact that the Notice of Default could be based on erroneous information, which is exactly what Plaintiff alleges. In his TAVC, Plaintiff avers that at the time he filed his TAVC, he was current on his payments. *See TAVC* ¶ 78. Thus, the argument being made by Plaintiff is that despite being current on his loan payments, foreclosure proceedings were instituted against him. Assuming that this is in fact true, as the Court must do on a motion to dismiss, it follows that the Notice of Default is not the conclusive proof that Defendants think that it is.

Nonetheless, despite rejecting both of Defendants' arguments, the Court finds that dismissal is appropriate. A cause of action for nuisance does not lie whenever anybody does anything that tangentially effects a person's use and enjoyment of the land. If this were the case, then an accident that required a plaintiff to be hospitalized would, in theory, allow for a claim for nuisance since the plaintiff would not be able to enjoy the use and enjoyment of her land while in the hospital. But such surely isn't the case. Nuisance law applies in very specific situations, such as when there is actual physical interference with land, *Kafka v. Bozio*, 191 Cal. 746 (1923) (encroachment), smells, *Willson v. Edwards*, 82 Cal. App. 564 (1927), and noise, *id.* While the institution of foreclosure proceedings touches upon Plaintiff's interest in his land, it does not interfere with his "use and enjoyment of the land" as that term is understood in nuisance law. *See* 13 *Witkin on California Law* §§ 133-52 (10th ed. 2005). Accordingly, the Court finds that dismissal of this cause of action is proper.[10]

    F.    Plaintiff's Seventh Cause of Action: FDCPA

Lastly, the Court considers Plaintiff's seventh cause of action, which is brought under the FDCPA and rests on allegations that T.D. Service and Option One violated the FDCPA by (1) "us[ing] false, deceptive, and misleading representation [sic] and means in connection with the collection of the alleged debt," in violation of 15 U.S.C. § 1692e; and (2) "us[ing] unfair and unconscionable means to collect or attempt to collect the alleged debt," in violation of 15 U.S.C. § 1692f. Defendants now move to dismiss this claim as it is asserted against Option One because there are no factual allegations linking this claim to Option One's conduct.

The sole factual basis for this claim is that certain defendants continued to collect an allegedly invalid debt against Plaintiff after he notified them of the debt's alleged invalidity through a "debt dispute letter" he sent to these defendants. However, as Plaintiff concedes in his

---

[10]This dismissal is with prejudice, as there are no facts that indicate that amendment would not be futile. *See supra* note 5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#103/106/110

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

opposition, he "inadvertently" failed to send this letter to Option One. Since Plaintiff never told Option One that he disputed the debt, he cannot now state a claim against Option One for pursuing an invalid debt after being notified that it was disputed. And as Plaintiff alleges no other factual basis for why Option One is liable under the FDCPA, it also follows that Plaintiff has failed to "to provide the 'grounds' of his 'entitle[ment] to relief.'" *See Bell Atl. Corp.*, 127 S. Ct. at 1965. Accordingly, the Court GRANTS the motion to dismiss, with prejudice, insofar as it relates to Option One.[11]

IV. CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. Specifically, the Court:

1. GRANTS Defendants' motion to dismiss the second cause of action, with prejudice;
2. GRANTS Defendants' motion to dismiss Plaintiff's first cause of action, with prejudice, insofar as it is asserted against AHMSI and Option One;
3. DENIES Defendants' motion to dismiss Plaintiff's first cause of action, insofar as it is asserted against MERS, Merscorp, and AHMSI Default;
4. GRANTS Defendants' motion to dismiss Plaintiff's fourth cause of action, with prejudice;
5. GRANTS Defendants' motion to dismiss Plaintiff's fifth cause of action, with prejudice;
6. GRANTS Defendants' motion to dismiss Plaintiff's sixth cause of action, with prejudice; and,
7. GRANTS Defendants' motion to dismiss Plaintiff's seventh cause of action, with prejudice, insofar as it relates to Option One.

**IT IS SO ORDERED.**

---

[11] This dismissal is with prejudice for the same reasons stated above. *See supra* note 5.