O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#102/96

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                               Not Present

**Proceedings:**   **(In Chambers) Order Granting Both the Motion to Strike filed by Defendant National City Mortgage and the Motion to Dismiss filed by Defendant CLC Consumer Services Company**

Pending before this Court is the Motion to Strike filed by Defendant National City Mortgage and the Motion to Dismiss filed by Defendant CLC Consumer Services Company. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS both Motions.

I.   BACKGROUND

This action arises out of a loan William Boles ("Plaintiff") obtained during the summer of 2006. The basic facts are as follow.

   A.   Factual Background

Plaintiff is the owner of the property located at 26740 Kingwood Road in Murrieta, California. On July 7, 2006, Plaintiff obtained a loan in the amount of $50,000, which was secured by a deed of trust. Under the deed of trust, Defendant National City Mortgage ("NCM") acted as lender and National City Bank of Indiana ("NCB") acted as trustee. Also, Defendant CLC Consumer Services Co. ("CLC") acted as the servicer of the loan.

   B.   Procedural History

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#102/96**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

1. <u>Plaintiff's First Three Verified Complaints</u>

Plaintiff, on March 25, 2008, filed suit.  Then, on April 17, 2008, Plaintiff filed an "Amended Verified Complaint" ("AVC1").  No challenges were raised to these two complaints.  However, after Plaintiff, on May 27, 2008, filed another complaint, which he again captioned as "Amended Verified Complaint" ("AVC2"), NCB filed a motion to dismiss the three causes of action asserted against it.  The Court granted in part and denied in part that motion.

2. <u>Plaintiff's Second Amended Verified Complaint</u>

On October 17, 2008, Plaintiff filed his Second Amended Verified Complaint ("SAVC").  Both NCM and CLC challenged its sufficiency.

   a. <u>NCM's Motion to Dismiss</u>

On November 3, 2008, NCM filed a motion to dismiss and a motion to strike.  The Court granted the motion to dismiss with prejudice insofar as it related to Plaintiff's quiet title claim and his claim that NCM violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  However, the Court denied NCM's motion to dismiss Plaintiff's breach of contract claim.  The Court did, however, grant NCM's motion to strike Plaintiff's request for punitive damages and attorney's fees on his breach of contract claim.

   b. <u>CLC's Motion to Dismiss</u>

On November 4, 2008, CLC filed a motion to dismiss the three causes of action asserted against it on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  The Court granted the motion with prejudice insofar as it related to Plaintiff's quiet title and TILA claims.  The Court also granted the motion insofar as it related to Plaintiff's claim that CLC had violated certain provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17; however, the Court did so without prejudice.

3. <u>Plaintiff's Third Amended Verified Complaint</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#102/96

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

On January 2, 2009, Plaintiff filed his Third Amended Verified Complaint ("TAVC"). Just as they did with Plaintiff's SAVC, NCM and CLC now challenge its sufficiency.

II.  LEGAL STANDARD

A.  Motion to Strike

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" matter is "that which has no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 948 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*. In comparison, "impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

Generally, "motions to strike are regarded with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Nevertheless, a court will grant a motion to strike if it is clear that the matter at issue could have no possible bearing on the subject matter of the case. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

B.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule 12(b)(6)"), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Importantly, though, "[s]pecific facts are not necessary; the statement

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#102/96**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). The Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.  DISCUSSION

    A.  NCM's Motion to Strike

The Court first considers NCM's motion to strike, which is brought under Rule 12(f). Specifically, NCM moves to strike the following: Plaintiff's first cause of action for quiet title; Plaintiff's second cause of action for TILA rescission; the words "treble damages, punitive damages" from Page 22, Paragraph 153; and, the words "punitive damages" and "attorney [sic] fees" from Page 30, Paragraph 192. The Court will address each request in turn.

NCM's first two requests are to strike the first and second causes of action for quiet title and rescission under TILA, respectively. NCM argues that such action is appropriate here because in a prior Order this Court dismissed those claims with prejudice as they related to NCM. *See Order on Defendant NCM's Motion to Dismiss* (Dec. 12, 2008). This is a point that Plaintiff concedes. However, Plaintiff requests that the Court not dismiss the causes of action in their entirety simply because he "inadvertently" failed to remove NCM from these claims.

As noted above, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#102/96**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

*Music*, 275 F. Supp. 2d at 1300. In light of this principle, the Court finds that NCM's request is overly broad. While it is true that these causes of action are fatally flawed because they state claims against a defendant whom the Court has already ruled should not be a party to them, that is not a sufficient reason to strike these causes of action in their entirety. After all, simply because these claims are spurious as they relate to NCM, does not necessarily mean that they are spurious as they relate to the other defendants against whom they are asserted. For this reason, the Court finds that it is inappropriate to strike the first and second causes of action in their entirety. However, as the Court has already dismissed these causes of action insofar as they relate to NCM, the Court does GRANT NCM's motion to strike it as a party to these causes of action.

NCM also moves to strike certain allegations for various forms of damages Plaintiff seeks to recover on his breach of contract claim. Specifically, NCM moves to strike any request by Plaintiff for treble damages, punitive damages, and attorney's fees. Apparently, Plaintiff does not oppose this part of the motion, as he failed to address this specific request in the untimely opposition he submitted. However, even if he did address this argument, he would have not prevailed. As NCM correctly observes, three months ago the Court granted this exact motion. *See Order on Defendant NCM's Motion to Dismiss* (Dec. 12, 2008). The reasoning the Court applied then applies equally now.

As the Court noted then, punitive damages are not recoverable for breach of contract claims even if the defendant's conduct was "willful, fraudulent, or malicious." *Myers Building Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 17 Cal. Rptr. 2d 242 (1993). Likewise, treble damages are also not recoverable. *See* Cal. Civ. Code 3300; *Christensen v. Slawter*, 173 Cal. App. 2d 325, 330 (1959). Therefore, the Court GRANTS NCM's motion to strike Plaintiff's request for punitive damages and treble damages.

The Court also GRANTS NCM's motion to strike Plaintiff's request for attorney's fees. Attorney's fees are not recoverable for breach of contract claims "unless a statute or the agreement of the parties provides otherwise." *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 504, 198 Cal. Rptr. 551 (1998); *see* Cal. Code Civ. P. § 1021. In addition, a *pro se* litigant who is not an attorney is not entitled to attorney's fees. *See Trope v. Katz*, 11 Cal. 4th 274, 284, 45 Cal. Rptr. 2d 241 (1995). Here, Plaintiff has not pleaded facts showing that he is entitled to attorney's fees for his breach of contract claim. Further, an award of attorney's fees and costs

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#102/96

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

would be improper since Plaintiff is representing himself. Therefore, the Court GRANTS NCM's motion to strike "attorney fees" from Paragraph 192.

   B.   CLC's Motion to Dismiss

Next the Court considers CLC's motion to dismiss. As CLC correctly observes, presently Plaintiff asserts only one cause of action against it: a RESPA claim. This cause of action specifically asserts violations of RESPA's prohibition against kickbacks and unearned fees, which can be found at section 8(a) and 8(b) of RESPA. In relevant part, these sections provide:

> (a) Business referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(a) & (b).

CLC argues that this cause of action should be dismissed as it relates to CLC because the pertinent allegations only reference MERS members (i.e., those defendants who are affiliated with Defendant Merscorp, Inc.) and the First Lender (i.e., Defendants American Home Mortgage Investment Corporation and American Brokers Conduit LLC). And indeed they do. Plaintiff asserts this cause of action in twenty-two paragraphs. *See TAVC* ¶¶ 161-182. However, not once in those twenty-two paragraphs is CLC's name mentioned. In an attempt to avoid dismissal of this claim, Plaintiff points this court to Paragraph 119 of his TAVC, which is incorporated by reference into this cause of action. That Paragraph alleges that CLC "has not credited all payments to Plaintiff's account." *See TAVC* ¶ 119. However, this Paragraph is not the saving grace Plaintiff believes that it is. Failing to credit payments is not tantamount to providing or accepting unlawful kickbacks or engaging in unlawful fee-splitting. Now it may very well be the case that Plaintiff truly and honestly believes that CLC has either accepted or given unlawful kickbacks or engaged in otherwise unlawful conduct in violation of RESPA.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#102/96

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1989 PSG (Ex) | Date | March 18, 2009 |
|---|---|---|---|
| Title | William Boles v. Merscorp, Inc. | | |

However, as it stands now, Plaintiff's belief is nothing more than unfounded conjecture, the likes of which does not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 127 S. Ct. at 1965. Accordingly, because Plaintiff failed to provide "the 'grounds' of his 'entitle[ment] to relief,'" *id.*, the Court GRANTS CLC's motion to dismiss with prejudice.[1]

IV.     CONCLUSION

Based on the foregoing, the Court GRANTS NCM's motion to strike. Also, the Court GRANTS CLC's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

---

[1] Also, the Court notes that this is now Plaintiff's fifth complaint filed in this case. Throughout the course of these proceedings, Plaintiff has failed to provide any factual support to maintaining this type of claim against CLC. Accordingly, it appears as if amendment would be futile. For that reason, this dismissal is with prejudice. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).